516 So.2d 6 (1987)
EDWARD J. DeBARTOLO CORPORATION, and Edward J. DeBartolo & Associates, Petitioners,
v.
Regina Brown PETRIN, Respondent.
No. 87-1038.
District Court of Appeal of Florida, Fifth District.
October 27, 1987.
Rehearing Denied December 3, 1987.
Andrew G. Pattillo, Jr., of Pattillo & McKeever, P.A., Ocala, for petitioners.
Bruce R. Kaster, of Green & Simmons, P.A., and Bruce R. Kaster, Ocala, for respondent.
PER CURIAM.
Edward J. DeBartolo Corporation, et al. petition for a writ of certiorari to review the trial court's order denying their motion to disqualify the law firm of Green & Simmons, attorneys for Petrin, in her lawsuit against DeBartolo. Petrin retained Green & Simmons in 1985 to represent her in a personal injury suit against DeBartolo. At that time, DeBartolo was represented by Pattillo & McKeever. In 1987, an associate of the Pattillo firm resigned and joined the Green firm as a partner. The record conclusively shows that this attorney was party to confidential communications regarding DeBartolo's strategy in the pending suit. Based on these facts, we grant the writ and quash the order on disqualification.
Respondent argues that the trial court properly denied the motion to disqualify *7 the Green firm because it had established a screening procedure to ensure that no confidential information would be disclosed by this attorney. Rule 4-1.11(a), Rules Regulating the Florida Bar (1987),[1] provides that such a screening procedure is acceptable to avoid disqualification in a situation where a former government attorney has been hired by a private law firm representing a party's interest contrary to the government. The rationale for this rule is to avoid an adverse impact on the government's ability to recruit attorneys.[2]
However, the rule which applies to private firms has no such provision. Rule 4-1.10(b), Rules Regulating The Florida Bar (1987), provides:
(b) When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) that is material to the matter.
This rule makes the disqualification turn solely on possession of information concerning the former client.
We conclude that the differences in the two rules was intentional. The Chinese wall or screening process is not a defense when a private attorney joins another private firm. The mere possession of confidential information is too great a threat to public confidence in the attorney-client privilege, and the hardship of recruiting attorneys in the private sector is not an overriding problem. Accordingly, we hold that the trial judge departed from the essential requirements of law in denying DeBartolo's motion. Accordingly, the petition for writ of certiorari is granted, the writ is issued and the order of the circuit court is quashed.
WRIT ISSUED.
UPCHURCH, C.J., and COBB and SHARP, JJ., concur.
NOTES
[1] A lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation. No lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:
(1) The disqualified lawyer is screened from any participation in the matter and is directly apportioned no part of the fee therefrom; and
(2) Written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.
[2] Comment to Rule 4-1.10 States:

... The government is entitled to protection of its client confidences and, therefore, to the protections provided in rules 4-1.6, 4-1.9, and 4-1.11. However, if the more extensive disqualification in rule 4-1.10 were applied to former government lawyers, the potential effect on the government would be unduly burdensome. The government deals with all private citizens and organizations and thus has a much wider circle of adverse legal interests than does any private law firm. In these circumstances, the government's recruitment of lawyers would be seriously impaired if rule 4-1.10 were applied to the government. On balance, therefore, the government is better served in the long run by the [screening procedure] stated in rule 4-1.11.