575 So.2d 231 (1991)
John H. BIRDSALL, Petitioner,
v.
CROWNGAP, LTD., a British Company Limited by Shares, Respondent.
No. 90-3074.
District Court of Appeal of Florida, Fourth District.
January 30, 1991.
Rehearing and Rehearing Denied March 25, 1991.
*232 Steven M. Katzman of Cadwalader, Wickersham & Taft, Palm Beach, for petitioner.
Susan B. Yoffee of Fleming, Haile & Shaw, P.A., North Palm Beach, for respondent.
Rehearing and Rehearing En Banc Denied March 25, 1991.
PER CURIAM.
We grant the petition for writ of certiorari and quash the trial court's order which denied petitioner's motion to disqualify respondent's law firm.
Petitioner, a defendant in an action brought by respondent, retained a law firm to represent him. A lawyer who was then of counsel to the law firm handled the defense then left to join the law firm which was representing the plaintiff in the action.
Although it is uncontradicted that the lawyer was isolated from the action, we conclude the law firm should have been disqualified, there having been no waiver by petitioner of his right to seek disqualification. See rule 4-1.10(b), Rules Regulating The Florida Bar (1987); Edward J. DeBartolo Corp. v. Petrin, 516 So.2d 6 (Fla. 5th DCA 1987). The appearance of justice can be as important as its administration.
Here, the motion for disqualification was filed only four months after the lawyer's change of law firms and petitioner's contention that he did not file a motion for disqualification sooner because he assumed the case had been abandoned and was waiting to file a motion to dismiss for lack of prosecution is a reasonable position.
Respondent also argues that rule 4-1.10(b) is unconstitutional as violative of equal protection and due process, because it, unlike rule 4-1.11(a), does not provide an exception to the rule of non-representation where a wall of isolation or screening process has been implemented.
Rule 4-1.11(a) provides:
(a) A lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation. No lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:
(1) The disqualified lawyer is screened from any participation in the matter and is directly apportioned no part of the fee therefrom; and
(2) Written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.
While rule 4-1.11(a) provides an exception to the non-representation rule, and rule 4-1.10(b) does not, there is a rational basis for the distinction in the rules. As noted in the comments to the rules and in Petrin, 516 So.2d at 6, such distinction is based upon a compelling need to treat government attorneys differently, as "[t]he government has a legitimate need to attract qualified lawyers as well as to maintain high ethical standards. The provisions *233 for screening and waiver are necessary to prevent the disqualification rule from imposing too severe a deterrent against entering public service." Comment to rule 4-1.11.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.