**MEDCOM HOLDING COMPANY, Plaintiff,**

**v.**

**BAXTER TRAVENOL LABORATORIES, INC. and Medtrain, Inc., Defendants.**

No. 87 C 9853.

United States District Court, N.D. Illinois, E.D.

June 28, 1988.

Jeffrey D. Colman, Thomas P. Sullivan, Daniel R. Warren, Robert R. Stauffer, Jenner & Block, Chicago, Ill., for plaintiff.

Irving B. Levinson, Dorothy B. Zimbrakos, Rivkin, Radler, Dunne & Bayh, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

This matter was referred to Magistrate Weisberg for supervision of all discovery matters. Medcom Holding Company ("Medcom Holding") moved to compel production by Baxter Travenol Laboratories,

Inc. ("Baxter") of sixteen documents that, according to Baxter, fall into two categories: (1) documents relating to the *Fuisz* and *Al–Inizi* cases[1] in which Baxter and its former subsidiary, Medcom, Inc., were jointly represented in their defense by the same outside attorneys, and (2) other documents containing attorney-client communications between officers of Medcom, Inc. and their in-house attorneys at Baxter prior to or relating to the sale of Medcom, Inc. to Medcom Holding.[2] All of the documents are dated prior to the September 30, 1986 stock purchase agreement in issue between Medcom Holding and Baxter.[3]

Baxter asserts that the documents are privileged as attorney-client communications. Medcom Holding maintains that it is entitled to these documents because it purchased all of the stock of Medcom, Inc., and Medcom, Inc. waived its privilege in favor of disclosure to Medcom Holding.

On April 6, 1988, the magistrate entered an order denying Medcom Holding's motion to disclose documents that contain joint defense material in the *Fuisz* and *Al–Inizi* cases, and attorney-client communications to which Medcom, Inc. was not a party (Documents 36, 42 and 45). The motion was granted with respect to documents that contain attorney-client communications occurring prior to or relating to the sale of Medcom, Inc. Both Baxter and Medcom Holding have filed objections to the magistrate's order.

Where a party files objections to a magistrate's order, the court conducts a *de novo* review of all contested portions of the order pursuant to 28 U.S.C. § 636. Pretrial matters are reconsidered where the magistrate's order is shown to be clearly erroneous or contrary to law. 28 U.S.C.

§ 636(b)(1)(A). Neither party has demonstrated that the magistrate erred in his order of April 6, 1988; the objections are without merit.

## I. Medcom, Inc.'s Attorney–Client Privilege in Connection with the Sale of Its Stock

■ In a thorough and thoughtful memorandum opinion, the magistrate observed that control over a corporate subsidiary's attorney-client privilege after the subsidiary is sold, with respect to confidential communications occurring prior to the sale, was a question of first impression. The magistrate found that Medcom, Inc.'s attorney-client privilege with respect to communications between its officers and attorneys who represented both Medcom, Inc. and Baxter in the sale of Medcom, Inc. to Medcom Holding, transferred to Medcom Holding with the stock of Medcom, Inc. He reasoned that parties who negotiate a corporate acquisition should expect that the privileges of the acquired corporation would be incidents of the sale, subject to the terms of any special agreements. Order of April 6, 1988 at 10.

The magistrate cites *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), for the principle that new managers of a corporation—by reason of takeover, merger or normal succession—may waive the attorney client privilege as to communications by former officers and directors:

> [W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney client privilege passes as well. New managers installed as a result of a take-

---

**1.** In *Fuisz, et al. v. Baxter, et al.,* Fuisz alleged that he was wrongfully terminated by Baxter in connection with the management of Medcom, Inc.'s Saudi Arabian business activities in 1982 and 1983. *Al–Inizi v. Baxter, et al.* involved the alleged breach of an oral agreement between Al–Inizi and Medcom, Inc. to retain Al–Inizi as a Saudi product consultant in 1982.

**2.** Most documents are memoranda between Medcom, Inc. officers and employees and attorneys in Baxter's legal department who handled matters for Baxter and its subsidiaries. The

remaining documents are communications between Baxter or Medcom, Inc.'s employees and outside attorneys retained to represent Baxter and Medcom, Inc. in the *Fuisz* and *Al–Inizi* cases. (Documents 36, 37, 38, 43, 44 and 45.)

**3.** In a Stock Purchase Agreement dated September 30, 1986, Medcom Holding purchased from Baxter all of the capital stock of Medcom, Inc. Medcom Holding alleges that Baxter made misrepresentations and omissions of material fact in the sale.

over, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney client privilege with respect to communications made by former officers and directors. Displaced managers may not assert the privilege over the wishes of current managers....

471 U.S. at 349, 105 S.Ct. at 1991.

In *Weintraub*, the Supreme Court held that the trustee of a corporation in bankruptcy may waive the debtor corporation's attorney-client privilege with respect to communications occurring prior to filing of the bankruptcy petition. *Weintraub* recognized that successor officers and directors may waive the privilege in the exercise of their fiduciary duty to act in the best interest of the corporation. *Weintraub* did not specifically address the question of control over the privilege of a divested corporate subsidiary.

The magistrate acknowledged that during the time Medcom, Inc. was a Baxter subsidiary, its officers and directors owed a fiduciary duty to Baxter, its sole shareholder. However, he rejected Baxter's assertion that because of this duty, Baxter retained control of Medcom, Inc.'s privileges as to pre-sale communications after it was sold to Medcom Holding. Order of April 6, 1988 at 6–7. Because Medcom, Inc. was a party to the communications in issue, it was reasonable to assume that successor management of Medcom, Inc. would control the attorney-client privilege. *Id.* at 8, 10.

Baxter maintains that Medcom, Inc.'s attorney-client privilege rights with respect to pre-sale communications remain with Baxter as the former parent and sole shareholder. Although new management may waive the corporation's privilege where ownership is unchanged, Baxter argues that new owners cannot be permitted to waive the privilege because their interests may be adverse to the interests of former shareholders. Here, ownership of a wholly-owned subsidiary was transferred to a third party who assumed the role of adversary to the former parent company. Under these circumstances, Baxter asserts, the new owner cannot waive the attorney-client privilege of the former parent and subsidiary as to the very sales negotiations in which the new owner was the former parent's adversary.

Baxter contends that *Weintraub* is inapposite and asks that this court follow *In re Diasonics Securities Litigation*, 110 F.R. D. 570 (D.Colo.1986). In *Diasonics*, a subsidiary was acquired and later was divested by the parent corporation. Upon acquisition, the corporate officers of the subsidiary retained their positions and also became officers of the parent corporation. While acting on behalf of both corporations, two officers consulted the attorney who had represented the subsidiary in the acquisition regarding possible rescission of the sale. The acquisition agreement was rescinded and the officers resigned their positions as officers of the parent corporation. Shareholders of the former parent corporation later sought the disclosure of communications that occurred between these two officers and their counsel while they were officers of both corporations, prior to the divestiture of the subsidiary. The former officers attempted to assert the attorney-client privilege. The *Diasonics* court, applying Colorado law, held that they did not have the authority to raise the privilege after the divestiture of the subsidiary because the privilege rights remained with the parent. *Id.* at 571–74.

The court found that the officers owed a fiduciary duty to the parent corporation and to its shareholders at the time of the communications:

> The attorney-client communications were made when the two individuals had a fiduciary responsibility to the board of directors and shareholders of [the parent] and not to the existing board and shareholders of [the subsidiary].

*Id.* at 574. The *Diasonics* court reasoned that the officers, as former fiduciaries, could not withhold information from the shareholders of the former parent corporation. It rejected the argument that the officers, while fiduciaries for both corporations, were acting on behalf of only the

subsidiary at the time of the allegedly privileged discussions:

> A fiduciary cannot turn his responsibilities on and off like a faucet.... As long as that duty existed, so did the concomitant interest of the ... shareholders in knowing his legal communications concerning the future of their company.

*Id.* at 574, quoting *Bailey v. Meister Brau, Inc.*, 55 F.R.D. 211, 214 (N.D.Ill.1972).

Medcom Holding seeks to compel production of communications between officers and employees of Medcom, Inc. and attorneys in Baxter's legal department that relate to the sale of Medcom, Inc. These communications predate Medcom, Inc.'s divestiture from Baxter. At the time, the officers of Medcom, Inc. owed a fiduciary duty to Baxter, its parent corporation and sole shareholder. Because the communications were made on behalf of Medcom, Inc. and Baxter, both are entitled to disclosure of the information. *See Diasonics, supra,* 110 F.R.D. at 574.

In issue here, however, is Medcom, Inc.'s right to control its own privilege rights after divestiture from Baxter. Although both Medcom, Inc. and Baxter are entitled to assert the attorney-client privilege with respect to communications made on their behalf, either may waive it. A client may waive a privilege by voluntary disclosure to a third party; the disclosure breaches the confidentiality of the attorney-client relationship and, therefore, waives the privilege. *In Re Sealed Case,* 676 F.2d 793, 809 (D.C.Cir.1982). Medcom, Inc. has elected to voluntarily disclose the privileged information to its current sole shareholder Medcom Holding; this waives the privilege.

Baxter's attempt to distinguish this case from *Weintraub* on the ground that corporate ownership of Medcom, Inc. transferred—and not merely its management—is not compelling. As the magistrate recognized, *Weintraub* expressly included takeovers and mergers in its finding that new corporate managers may waive the attorney-client privilege as to communications of prior management. To the extent that new managers have the obligation to waive or protect the corporation's privileges in a manner consistent with the corporation's interests where the shareholders remain the same (*see* Baxter's Objections to April 6, 1988 Order at 6), new owners of the corporation must be allowed to exercise the same discretion in determining the corporation's best interests after the sale. The sale of the stock of Medcom, Inc. preserved Medcom's corporate identity and "assume(d) the ability of successor management to exercise normal management prerogatives." Order of April 6, 1988 at 8. The magistrate correctly concluded that Medcom Holding controls Medcom Inc.'s privilege with respect to attorney-client communications occurring prior to or relating to the sale of Medcom, Inc. Therefore, Baxter's objections relating to that portion of the magistrate's order are without merit.

## II. Medcom, Inc.'s and Baxter's Privilege With Respect to Joint Defense Material

The magistrate ruled that the joint privilege over defense material created in the *Fuisz* and *Al–Inizi* cases may not be waived by Medcom, Inc. without Baxter's consent. Order of April 6, 1988 at 12. Medcom Holding maintains that it may waive the privilege, with or without Baxter's consent, because it controls Medcom, Inc.'s privilege rights and because Medcom, Inc.'s interest is adverse to Baxter's interest in this litigation. Baxter contends that the magistrate erred in restricting this privilege to confidential communications arising in the course of actual litigation in which the parties are joint defendants.

Confidential communications between co-defendants, or potential co-defendants, and jointly retained counsel, are privileged against third parties except where the co-defendants later become adversaries in litigation. *Matter of Grand Jury Subpoena Duces Tecum dated November 16, 1974,* 406 F.Supp. 381, 394 (S.D. N.Y.1975). The timing of the communications is important; there must be a strong possibility of litigation. *Equal Employment Opportunity Commission v. The Peoples Gas, Light and Coke Company,*

92 Lab.Cas. ¶ 34,070 (August 19, 1981) [available on WESTLAW, 1981 WL 2332]. The privilege arises out of the need for a common defense, as opposed merely to a common problem. *Id.* at ¶ 34,070. A document is subject to the privilege if it contains material that is part of a joint defense effort; the party to whom the document is directed is not controlling. *Ohio–Sealy Mattress Mfg. Co. v. Kaplan,* 90 F.R.D. 21 (N.D.Ill.1980).

█ The magistrate noted that Baxer and Medcom, Inc. were defendants jointly represented by the same attorneys in *Fuisz* and *Al–Inizi.* The magistrate distinguished joint legal representation of a corporate parent and subsidiary in general business matters from representation in the litigation of a joint defense. Observing that courts have given special protection to confidentiality between jointly represented defendants, the magistrate reasoned that the joint defense privilege—and its requirement that all former co-defendants consent to any waiver of the privilege—applies where a corporate parent and subsidiary are the joint defendants and the subsidiary is later sold. The magistrate correctly concluded that Medcom, Inc. may not waive the privilege attached to the joint defense material created in the *Fuisz* and *Al–Inizi* cases in favor of Medcom Holding without Baxter's consent.

## A. *Medcom Holding's Objection*

Medcom Holding maintains that it may waive Medcom, Inc.'s privilege as to joint defense material generated in *Fuisz* and *Al–Inizi* without Baxter's consent because Medcom Holding controls Medcom, Inc.'s privilege rights, and because the interests of Medcom, Inc. and its sole shareholder, Medcom Holding, are directly adverse to Baxter. Medcom Holding's Response at 10. Medcom Holding argues that the joint defense privilege and the requirement that all parties consent to waiver of the privilege do not apply where a corporation (Medcom, Inc.) seeks to disclose joint defense material to its own shareholder (Medcom Holding). *Id.* at 11. It contends that it is Medcom, Inc.'s "successor-in-interest,"

and that it therefore stands in Medcom, Inc.'s shoes with respect to material subject to the joint defense privilege.

Despite its ownership of Medcom, Inc. stock, Medcom Holding is not entitled to access the joint defense materials of Medcom, Inc. Confidential communications between joint defendants and their counsel are shielded from third parties. The shield is lowered only when the parties become adversaries in subsequent litigation. Under these circumstances, neither party can preclude the other from using information that it has already disclosed. *Matter of Grand Jury Subpoena, Nov. 16, 1974,* 406 F.Supp. 381, 394 (S.D.N.Y.1975). To allow either party to disclose a former co-defendant's confidences in a third-party proceeding would erode the privilege's protection and render a joint defense unfeasible. *Id.*

As the magistrate noted, Medcom Holding and its principal, John Manley, do not dispute that they are third parties for purposes of the joint defense privilege waiver rule. Order of April 6, 1988 at 11. Medcom Holding contends, however, that it is the "successor-in-interest" to Medcom, Inc.'s privilege with respect to joint defense material. In fact, Medcom, Inc. is a viable corporation distinct from Medcom Holding; the corporations are separate entities. Medcom Holding is neither the agent of Medcom, Inc. nor the owner of its property. *See* Fletcher, Cyclopedia on Corporations §§ 2843, 5768.

The cases cited by Medcom Holding involve insurance claims where the assignee of the claim or excess insurance carrier stands in the shoes of the insured and, therefore, may waive the insured's and insurance carrier's joint privilege in an action against the primary carrier. In each case, the party seeking to waive the privilege derived its rights from the insured—a party to the prior joint representation. In contrast, Medcom Holding's claims in this litigation are not derivative of the rights of Medcom, Inc. Therefore, Medcom Holding cannot waive Medcom, Inc.'s privilege with respect to joint defense material.

Similarly, Medcom, Inc. cannot unilaterally waive its joint defense privilege in fa-

vor of Medcom Holding. Medcom Holding brought this action against Baxter alleging fraud in its sale of the stock of Medcom, Inc. Medcom, Inc., itself, is not Baxter's adversary; it neither asserts nor defends its own right in this litigation. Accordingly, it cannot waive the privilege that protects the joint defense material in *Fuisz* and *Al–Inizi*. The magistrate correctly denied Medcom Holding's motion to compel with respect to the joint defense material at issue. Medcom Holding's objections as to that portion of the magistrate's order are without merit.

### B. *Baxter's Objection*

Baxter's contends that the magistrate erred in not extending the joint privilege over defense material to other communications between Medcom, Inc. and their joint counsel subsequent to the divestiture and sale of Medcom, Inc. Baxter asserts that the privilege extends to "all situations in which confidential communication is exchanged between two or more parties and jointly retained counsel." Baxter's Objections at 9. It claims that Baxter and Medcom, Inc. enjoy a joint privilege as to the sales negotiations in issue, and that Medcom, Inc. cannot waive the privilege without Baxter's consent.

Baxter's objection lacks legal and factual support. The communications relating to the sale of Medcom, Inc. did not arise in the preparation of a common defense or in anticipation of impending litigation. The documents sought—communications between Medcom, Inc. employees with the corporate attorneys for Baxter and Medcom, Inc. relating to the sale of Medcom, Inc.—do not contain material relating to a joint defense effort.[4] Moreover, Medcom Holding maintains that the documents it seeks do not even relate to instances in which Medcom, Inc. and Baxter jointly sought legal advice of any nature.[5] Medcom Holding's Response at 7. According-

ly, the magistrate properly excluded from the joint privilege those documents that Baxter claims relate to negotiations for the sale of Medcom, Inc. Baxter's objection to the magistrate's ruling is without merit.

For the foregoing reasons, the parties' objections to the magistrate's order entered April 6, 1988 are overruled.

---

4. To the extent that any documents contain joint defense material, Baxter is protected by the magistrate's requirement that joint defense documents be produced for in-camera examination. *See* Order of April 6, 1988 at 12.

5. It is not clear, as Baxter claims, that the documents at issue relate to negotiations between Baxter and Medcom Holding for the sale of Medcom, Inc. Medcom Holding's Response at 7–8.