**SECURITIES INVESTOR PROTECTION CORPORATION,**
Plaintiff,

v.

**R.D. KUSHNIR & CO.,**
Debtor/Defendant.

**Bankruptcy No. 99–A–858 SIPA.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 30, 2000.

Melanie R. Cohen, Altheimer & Gray, Chicago, IL, for plaintiff.

John B. Schwartz & Associates, Chicago, IL, for Debtor/Defendant.

## MEMORANDUM OPINION

JACK B. SCHMETTERER,
Bankruptcy Judge.

This matter is before the court on the Motion of Securities Investor Protection Corporation ("SIPC") to disqualify attorney Steven B. Nagler ("Nagler") as counsel to the individual Richard Kushnir and certain other parties in this case or in related proceedings. SIPC is the trustee for the liquidation of R.D. Kushnir & Co. (the "Debtor") under 15 U.S.C. § 78 aaa et. seq. (the "SIPA" Act).

SIPC's motion to disqualify is based on the following asserted basis: (1) Nagler's current representation of Richard Kushnir is substantially related to his prior representation of Debtor and J.E. Liss and Company ("Liss"); (2) there is an actual or at least highly probable likelihood of interest conflict between Debtor's SIPA estate and both Richard Kushnir and Liss; (3) SIPC, as Debtor's Trustee, holds and has not waived Debtor's attorney-client privilege; and (4) Nagler's representation of Richard Kushnir and other parties in the proceeding creates the appearance of impropriety. SIPC also contends the same concerns exist as to other possible parties who Nagler might seek to represent.

The assertion by SIPC that there is an actual or highly probable conflict of interest between Debtor's estate and Richard Kushnir and Liss rests on the following contentions: Richard Kushnir may have personal liability to the Debtor's estate arising from customer claims; Richard Kushnir and Liss will likely be an adverse party in an avoidance action to be brought by SIPC seeking to recover assets.

For reasons stated below, attorney Steven Nagler will only be disqualified to the extent requested from representing Richard Kushnir and J.E. Liss, and the motion to disqualify from representing other parties will be denied.

## BACKGROUND

From the undenied portions of pleadings the following undisputed history has been presented:

Debtor was an introducing securities broker with its principal place of business in Northbrook, Illinois. Richard Kushnir was the president and chief executive officer of the Debtor, as well as the Debtor's Senior Compliance Registered Option Principal. On or about June 30, 1998 Debtor ceased its operations. Richard Kushnir and other personnel of Debtor subsequently opened a branch office of J.E. Liss Financial Services, Inc., a Milwaukee, Wisconsin based brokerage firm, in the Northbrook office space previously occupied by the Debtor. Some of Debtor's customers became customers of the Liss Northbrook office. All Debtor's former employees, including its brokers and account representative, allegedly were offered employment with Liss. Richard Kushnir is the compliance officer for the new Northbrook office of Liss.

SIPC, a nonprofit membership corporation created by the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq., commenced the instant proceeding against Debtor on June 2, 1999 by filing an application to the District Court for the Northern District of Illinois, seeking an order determining that the customers of the Debtor were in need of the protections afforded by SIPA and commencing a liquidation proceeding pursuant to Chapter 7 of Title 11. The case was assigned to District Judge Milton Shadur. Nagler of Steven B. Nagler Ltd. and Leslie J. Weiss and Norman J. Ginsparg of Sugar, Friedberg & Felsenthal ("SF & F") entered appearances on behalf of Debtor.

Pursuant to the provisions of SIPA, the District Court entered an order which *inter alia* appointed the SIPA Trustee and Altheimer & Gray as counsel for the Trustee, and then removed the liquidation proceeding to the United States Bankruptcy Court for the Northern District of Illi-

nois pursuant to 15 U.S.C. § 78eee(b)(4). Initially Nagler and SF & F contested SIPC's jurisdiction on behalf of the Debtor, and opposed the liquidation proceeding and/or SIPC's investigation of customer claims. However, Debtor consented to the SIPA liquidation proceeding on July 14, 1999.

When this case was filed in the District Court, the Debtor was party to several arbitration proceedings conducted pursuant to rules promulgated by the National Association of Securities Dealers as well as other related actions pending in the federal courts (collectively "Arbitration Proceedings"). These proceedings were instituted by customers of Debtor who alleged that Debtor or its account representative had improperly managed their accounts. The Arbitration Proceedings against Debtor were stayed under 11 U.S.C. § 362 upon commencement of this case seeking liquidation of Debtor pursuant to the SIPA. In each of the Arbitration Proceedings, Nagler entered an appearance on behalf of one or more parties in interest. In addition, Nagler has represented Liss, whom SIPC alleges is the effective assignee of the Debtor's business. SIPC also alleges that Nagler continues to represent Liss in other matters possibly related to the instant case.

On July 14, 1999, prior to removal of this case from the District Court, Nagler and SF & F requested leave to withdraw their appearance on behalf of the Debtor. Judge Shadur granted their request at the July 14, 1999 hearing.

Nagler has appeared on behalf of Richard Kushnir at hearings before this Court as well as in the Arbitration Proceedings. SIPC has refused to waive Debtor's attorney-client privilege, and has objected and continues to object to Nagler's representation of Richard Kushnir or any other person or entity involved in this case. Accordingly, SIPC seeks to disqualify Nagler from representing Liss, Richard Kushnir or any other party herein in this and related proceedings.

Nagler's argument against his disqualification is that he represented both Debtor and Mr. Kushnir jointly. Therefore under the "joint defense doctrine" he says that any information obtained by him during the representation was and is not subject to the attorney-client privilege. Thus, he argues there is no threat that confidential information will be revealed and thus no conflict of interest.

The parties dispute when Nagler's representation of Debtor began. SIPC alleges that Nagler represented both Debtor and Kushnir for years prior to the present litigation, and was essentially Debtor's general counsel. Nagler contends that he has represented Richard Kushnir and Debtor only since March 1998 after Kushnir allegedly learned that Paul Carney ("Carney"), one of Debtor's brokers, had engaged in improper conduct concerning the handling of certain of his client's accounts. Nagler withdrew from Debtor's representation before Judge Shadur in July 1999 when SIPC was appointed the trustee in liquidation. Nagler contends that his representation of both Kushnir and Debtor has been at all times limited to defending them against claims by some of Carney's customers both in the arbitration proceedings filed by those customers, and also before the District Court. Further Nagler contends that he represents Liss for the sole purpose of defending Liss against claims of these same customers. Nagler has also represented William Cunningham in the Arbitration Proceedings; Cunningham was the vice president and sales manager of Debtor.

No evidentiary hearing has been held on the instant motion. Although the parties have some differences as to various details, those asserted and conceded by Nagler have been viewed for reasons stated below to be sufficient to warrant his disqualification. The discussion that follows will stand as Findings of Fact and Conclusions of Law.

## JURISDICTION

The United States District Court for the Northern District of Illinois has exclusive jurisdiction over this proceeding pursuant to 15 U.S.C. § 78eee(b)(2)(A) and has removed this matter to this Court pursuant to 15 U.S.C. § 78eee(b)(4). The Court also has bankruptcy subject matter jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local Rule 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## DISCUSSION

■ Disqualification of counsel "is a drastic measure which courts should hesitate to impose except when absolutely necessary," and disqualification "motions should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721-22 (7th Cir.1982). While disqualification of counsel protects the attorney-client relationship, it also serves to destroy a relationship by depriving a party of representation of their own choosing. *Id.* However, "courts have a duty to safeguard the sacrosanct privacy of the attorney-client relationship so as to maintain public confidence in the legal profession and to protect the integrity of the judicial proceeding." *Chemical Waste Management, Inc. v. Sims*, 875 F.Supp. 501, 503 (N.D.Ill.1995).

■ The Rules of Professional Conduct adopted by the District Court for the Northern District of Illinois apply to proceedings before this bankruptcy court. The Rules of Professional Conduct for the Northern District of Illinois were originally adopted as of November 12, 1991, General Order of 29 October 1991, and generally follow with some variations the Model Rules promulgated by the ABA (1983). *See* Local Bankruptcy Rule 608. Thus, those same rules apply to this SIPC proceeding.

Local District Court Rule 83.51.9 is the rule which addresses conflicts of interests involving former clients and provides that:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after disclosure.

Rule 83.51.9 parallels Rule 1.9 the ABA Model Rules of Professional Conduct.

■ SIPC, as trustee, has expressly declined consent to representation by Nagler of Richard Kushnir; thus, that Rule concerning former clients raises two issues here: (1) whether materially adverse interests are at stake and (2) whether this is a substantially related matter.

■ The interests involved here are adverse. A trustee must "investigate the conduct of prior management to uncover and assert causes of action against the debtor's officers and directors." *CFTC v. Weintraub*, 471 U.S. 343, 353, 105 S.Ct. 1986, 1993, 85 L.Ed.2d 372 (1985). SIPC alleges that it contemplates a cause of action against Richard Kushnir for failure to supervise Paul Carney adequately, and so that issue will be litigated. Richard Kushnir contends that he did not know of Carney's activities and that he adequately supervised Carney. If Richard Kushnir knew or had reason to know of a broker's conduct which gave rise to losses, but failed either to supervise his representative sufficiently to prevent the losses or otherwise to take action to protect customers of his firm, there may be one or more causes of action against him which could result in his personal liability to Debtor's estate. In addition, SIPC alleges that it will likely commence avoidance actions against Richard Kushnir for recovery of transfers due to alleged misconduct on the part of Richard Kushnir in relation to Liss. It must be concluded therefore that the positions of Debtor and Kushnir are adverse.

Since the first element has been met, it must be determined if the second element, the substantial relationship element, has been met. In order to determine if a substantial relationship exist, the Seventh Circuit has directed that a three-level inquiry be undertaken. *Novo Terapeutisk Lab. A/S v. Baxter Travenol Labs. Inc.*, 607 F.2d 186, 195 (7th Cir.1979) (en banc). Initially, facts as to the scope of prior legal representation must be determined. *Id.* Second, it must be considered whether it is reasonable to infer that confidential information supposedly given during the representation would have been given to counsel representing a client in those matters. *Id.* Finally, it must be determined whether that information is relevant to issues raised in the litigation pending against the former client. *Id.* If after considering the three factors it is determined that there is a "substantial relationship" between the scope of an attorney's former and current representations which could give rise to an actual or potential conflict of interest, a presumption arises that the attorney received confidential information. *LaSalle Nat'l Bank v. County of Lake*, 703 F.2d 252, 256 (7th Cir.1983). The presumption that confidential information has been received is rebuttable. *Id.* However, a very strict standard of proof is applied to the rebuttal of that presumption. *Id.* at 257. Any doubts as to the existence of an asserted conflict must be resolved in favor of disqualification. *Id.*

SIPC, as trustee in this proceeding, holds the Debtor corporation's right to attorney-client privilege and thus has the power to waive it or not. *Weintraub*, 471 U.S. at 358, 105 S.Ct. at 1996.

Nagler argues that he may only be disqualified if his representation of Richard Kushnir will compromise information which Debtor is entitled to keep confidential. He relies on *Gottlieb v. Wiles*, 143 F.R.D. 241, 247 (D.Colo.1992), for the proposition that there is no attorney client privilege at issue here because that privilege cannot be asserted by a corporate entity such as Debtor to withhold confidences from a former Chief Executive Officer such as Kushnir which were developed during Kushnir's tenure even if the two later become adverse in litigation. Since there are no confidences to be protected, Nagler contends there is no basis for disqualification. However, *Gottlieb* is inapposite because it did not deal with disqualification of an attorney but rather dealt only with the attorney-client evidentiary privilege. Furthermore, as will be discussed, Model Rule 1.9 is not only concerned with protection of confidential information but also with the loyalty of an attorney to a former client.

Similarly, Nagler also argues that because he represented Debtor and Richard Kushnir jointly, there is no information that Debtor is permitted to keep from Kushnir under the "joint defense doctrine", thus no basis for disqualification based on the threat of revelation of confidential information.

Among co-clients, the attorney-client privilege is narrowed substantially. Under the "joint defense doctrine", if the same lawyer jointly represents two or more clients with respect to the same matter, those clients have no reasonable expectation that their communications to the lawyer with respect to the joint matter will be kept secret from each other. *In re Madison Management Group, Inc.*, 212 B.R. 894 (Bankr.N.D.Ill.1997). Therefore, according to some decisions, because co-clients cannot reasonably expect that their common lawyer will withhold information from other co-clients, there is no expectation of confidentiality among the co-clients and those confidential client communications are not privileged in subsequent litigation in which the interests of the former co-parties become adverse, as Debtor and Nagler have now become. *Medcom Holding Co. v. Baxter Travenol Lab., Inc.*, 689 F.Supp. 841, 845 (N.D.Ill.1988). Hence, these cases hold the lawyer may represent one co-client against the other in a sub-

stantially related matter. *Allegaert v. Perot*, 565 F.2d 246 (2d Cir.1977).

In *Allegaert*, the Second Circuit opinion held that the substantial relationship test was "inapposite" when the attorney was not in a position during the former representation where he could have received information which the former client reasonably expected would not be divulged to the current client. *Allegaert*, 565 F.2d at 250. The *Allegaert* rule has been found to be particularly applicable to cases where the current and former clients were once working closely together, such as with joint representation. *Accord Christensen v. U.S. District Court for the Central District of California*, 844 F.2d 694, 699 (9th Cir.1988); *Lanigan v. Resolution Trust Corp.*, 1992 WL 350688 (N.D.Ill.1992); *In re Conticommodity Services, Inc., Securities Litigation*, 1988 WL 96179 (N.D.Ill. 1988).

Ethical rules vary from jurisdiction to jurisdiction, but most embody either the ABA Model Code of Professional Responsibility or the ABA Model Rules of Professional Conduct. Opinions issued in jurisdictions such as this that have adopted the Model Rules have rejected *Allegaert* and its line of cases because *Allegaert* established precedent only under Canon 4 of the ABA Code of Professional Responsibility. *Prisco v. Westgate Entertainment, Inc.*, 799 F.Supp. 266, 271 (D.Conn.1992). (Canon 4 provides that "[a] lawyer should preserve the confidences and secrets of a client." Model Code of Professional Responsibility Canon 4.) Those decisions concluded that the Second Circuit opinions in *Allegaert* only dealt with the issue of an attorney's duty to preserve confidential information under Canon 4 whereas the Model Rule 1.9(a) offers much broader protection that extends beyond preservation of confidential information. *In re PGH Int'l, Inc.*, 222 B.R. 401, 408 (Bankr. D.Conn.1998). Several purposes underlying Rule 1.9(a) have been found:

> It is a prophylactic rule to prevent even the potential that a former client's confi-

dences and secrets may be used against him. Without such a rule, clients may be reluctant to confide completely in their attorneys. Second, the rule is important for the maintenance of the public confidence in the integrity of the bar. Finally, and importantly, a client has the right to expect the loyalty of his attorney in the matter for which he is retained.

*In re Corn Derivatives Antitrust Litigation*, 748 F.2d 157, 162 (3d Cir.1984).

 Rule 1.9 is not limited to situations where a former client would be harmed by the divulgence of confidential information. That Rule "imposes an ethical obligation irrespective of harm."*Koch v. Koch Indus.*, 798 F.Supp. 1525, 1535 (D.Kan.1992).

 The foregoing opinions indicate that under Model Rule 1.9 followed in this District, the loyalty principle is an independent and sufficient basis for precluding a lawyer from accepting an adverse subsequent representation.

 Even solely considering the principle of confidentiality, disqualification of counsel for the former principal of a corporate debtor is not prevented by the attorney's joint representation of the debtor and that principal for reasons earlier expressed by the undersigned in *In re Nine West Div., Inc.*, 78 B.R. 187 (Bankr. N.D.Ill.1987) and cases cited. (Schmetterer, J.) The need to safeguard the attorney-client relationship by possible disqualification is not diminished by the fact that the prior representation may have been joint with the attorney's present client.

The joint representation rule, therefore, does not prevent this court from reaching the substantial relationship test. The movant has met that test. The purpose of a SIPA liquidation is to provide an independent avenue of recovery for customers of member securities broker-dealers who incur losses resulting from insolvent broker-dealers or unauthorized trading in their accounts on the part of the broker-

dealers or their agents. Both the scope of the prior representation of Debtor and Nagler's prior and current representation of Richard Kushnir stem from the alleged improper management of accounts by an employee, Paul Carney. As Nagler was Debtor's and Kushnir's defense attorney, it is reasonable to infer that confidential information was given to him and that confidential information would have been given to any lawyer representing a client in such a matter. Possible information concerning Debtor's supervisory practice of its brokers or Debtor's knowledge or lack of knowledge of its broker's alleged improper activity would necessarily have been revealed during the representation. That information would be relevant to the present and related proceedings.

Supporting the conclusion that a substantial relationship exists, in his Answer to SIPC's Motion to Disqualify, Nagler's counsel stated that: "Nagler does not deny the issues involved in the customer claims against Kushnir and Debtor presented in the arbitration proceedings are similar, if not identical to those which may be at issue in this case." Nagler's former representation of Debtor and his current representation of Richard Kushnir are obviously substantially related legal matters; consequently, there is a presumption that Nagler received confidential information.

█ In addition to seeking to disqualify Nagler from representing Debtor, SIPC seeks to preclude Nagler from representing any other party involved in this proceeding. However, SIPC has not supplied or asserted a factual basis to preclude Nagler from representing any party other than Mr. Kushnir with the exception of Liss. SIPC contends that both Liss and Richard Kushnir might be adverse parties to an avoidance action. The claim of an avoidance action would be based on allegations that Liss has taken over the Debtor's business and provided no consideration for receiving Debtor's customer lists and business as a going concern.

The motion to preclude Nagler from representing Liss or any other party requires undertaking the same analysis used in the determination to disqualify Nagler from representing Kushnir. It is clear that Liss and Debtor would be adverse in such an avoidance action; thus the first element is met. It must also be determined whether the current representation of Liss in litigation would be substantially related to Nagler's prior representation of Debtor.

In the *Michael B. Clauer and Michelle J. Clauer v. R.D. Kushnir & Co., Inc., Richard Kushnir, Paule E. Carney, Wexford Clearing Services Corp. and J.E. Liss & Co., Inc.* arbitration proceeding, Clauer filed a statement of claim which was attached as an exhibit to SIPC's reply brief. Clauer alleges in the statement of claim that Debtor simply transferred its customer accounts to Liss without any consideration for the assets transferred. Clauer alleged that this was done to render Debtor judgment proof. In Debtor and Richard Kushnir's answer, signed by Nagler, Debtor defends against those very allegations. Thus in applying the required analysis, Nagler's current representation of Liss in an avoidance action would be substantially related to his prior representation of Debtor. First, the prior representation involved allegations of transfer of assets for no consideration the purpose of which was to render Debtor judgment proof. Second, it is reasonable to infer that in defending against that claim, Nagler would have been privy to confidential information concerning the validity of the allegations. Third, that information would be extremely relevant in an avoidance action initiated by Trustee because transfers made with an actual intent to hinder, delay, or defraud creditors or transfer made by an insolvent debtor for less than reasonably equivalent value are avoidable under 11 U.S.C. § 548. Nagler is thus precluded from representing Liss.

Any motion to preclude Nagler from representing other parties requires under-

taking the same analysis. Thus, SIPC had to provide a factual basis for the additional preclusions sought so it could be determined if there would be a substantial relationship between the prior representation of Debtor and the possible future representation of other parties should such representation be undertaken by Nagler. In addition it must be determined whether those parties would be adverse to Debtor or SIPC. SIPC has not made that showing as to other parties, and therefore a blanket order to preclude Nagler's prospective representation of any party involved in this or related proceedings will not be issued.

## APPEARANCE OF IMPROPRIETY

 SIPC also contends that Nagler should be disqualified from representing Richard Kushnir and any other party in this and related proceedings because his representation creates the appearance of impropriety under Canon 9 of the Model Code. However, a variation of the Model Rules was adopted by the District Court in this jurisdiction, not the Model Code. The ABA comment to Model Rule 1.9 specifically rejects the "appearance of impropriety standard" as an independent basis for disqualifying counsel. *See* Model Rule 1.9 comment; *See also Waters v. Kemp*, 845 F.2d 260, 265 (11th Cir.1988)(appearance of impropriety is not a basis for disqualifying an attorney under the Model Rules). That comment instead advocates a fact-based evaluation of assertedly conflicting representations to determine whether duties to a former client would be compromised by a subsequent representation. Thus, SIPC's appearance of impropriety argument is without merit.

## *CONCLUSION*

SIPC has presented enough undisputed or acknowledged factual assertions to indicate that the interests of Debtor as represented by SIPC are adverse to Mr. Kushnir and Liss, and that Nagler's former representation of Debtor was substantially related to his current representation of Mr. Kushnir and Liss. Since SIPC has not provided any basis for precluding Nagel from representing any other party, only SIPC's motion to disqualify Nagler as attorney for Richard Kushnir and Liss will be granted. The motion will be granted by separate order which also provides related relief.