**TOUCHCOM, INC. and Touchcom Technologies, Inc., Plaintiffs–Appellants,**

v.

**BERESKIN & PARR and H. Samuel Frost, Defendants–Appellees.**

No. 2008–1229.

United States Court of Appeals, Federal Circuit.

Oct. 6, 2008.

John H. Martin, James Michael Heinlen, Thompson & Knight, LLP, Dallas, TX, for Defendants–Appellees.

Michael Dockterman, James B. Vogts, Aimee B. Anderson, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Plaintiffs–Appellants.

Before MAYER, LOURIE, and DYK, Circuit Judges.

ON MOTION

MAYER, Circuit Judge.

*ORDER*

Bereskin & Parr (B & P) and H. Samuel Frost move to disqualify the law firms of Wildman, Harrold, Allen & Dixon, LLP (Wildman Harrold) and Capsalis, Bruce & Reaser PLC (Capsalis Bruce) from representing Touchcom, Inc. et al. (Touchcom) in this appeal. Touchcom opposes. B & P and Frost reply.

B & P is a Canadian intellectual property firm, and Frost is a patent agent who works for B & P. Frost prepared a series of patent applications for Touchcom that resulted in the issuance of a United States patent. Touchcom sued Dresser, Inc. in 2003 alleging that Dresser infringed its patent. *Touchcom, Inc. v. Dresser, Inc.,* 427 F.Supp.2d 730 (E.D.Tex.2005). Wildman Harrold represented Touchcom in the *Dresser* lawsuit. In the course of that litigation, Dresser deposed Frost. The parties do not dispute that attorneys from Wildman Harrold prepared Frost for, and represented him in, the deposition. Ultimately, Dresser prevailed in that litigation when the district court granted summary judgment that the patent was invalid for indefiniteness.

After the district court ruled that the patent was invalid, Touchcom brought the instant suit alleging malpractice on the part of B & P and Frost in preparing and filing the patent application. In the district court, B & P and Frost moved to disqualify Touchcom's counsel. The district court ruled that it lacked personal jurisdiction over B & P and Frost and dismissed the case, ruling that all remaining motions, including the motion to disqualify, were moot. Touchcom appealed and B & P and Frost now move to disqualify Wildman Harrold and Capsalis Bruce from representing Touchcom in this appeal.

The parties agree that because this case arises out of the Eastern District of Virginia, Virginia law governs the disqualification issue. *See Atasi Corp. v. Seagate Tech.*, 847 F.2d 826, 829 (Fed.Cir.1988) (applying regional circuit law to attorney disqualification issue); *see also In re Morrissey*, 305 F.3d 211, 224 (4th Cir.2002) (attorneys practicing in the Eastern District of Virginia are subject to Virginia's standards for ethical conduct). Rule 1.9(a) of the Virginia Rules of Professional Conduct provides, "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation." Thus, Rule 1.9(a) requires disqualification if four criteria are met: (1) the moving party and opposing counsel had a prior attorney-client relationship, (2) the interests of the opposing counsel's present client are adverse to the movant, (3) the matters involved in the present underlying lawsuit are substantially related to the matters for which the opposing counsel previously represented the moving party, and (4) the moving party does not consent. *See Koch*

*v. Koch Indus.*, 798 F.Supp. 1525, 1532 (D.Kan.1992).

B & P and Frost argue that Frost became a client of Wildman Harrold by virtue of the firm's representation of him in the deposition in the *Dresser* litigation. Thus, B & P and Frost argue, Wildman Harrold cannot continue to represent Touchcom in this litigation adverse to Frost without the defendants' consent, which B & P and Frost are not willing to provide.

Touchcom does not dispute that an attorney-client relationship was formed, that the matters are substantially related, that Touchcom's interests are adverse to B & P and Frost, or that Frost does not consent. Instead, Touchcom argues that when Wildman Harrold represented Frost in the deposition, Wildman Harrold was also acting as Touchcom's counsel. Because Wildman Harrold was representing Touchcom as well as Frost, Touchcom argues that Frost had no expectation that any information he conveyed to Wildman Harrold would be withheld from Touchcom. In support of this argument, Touchcom cites *Allegaert v. Perot*, 565 F.2d 246, 250 (2d Cir.1977).

In *Allegaert*, two law firms had represented duPont Walston Incorporated (Walston) in an earlier derivative action challenging a realignment agreement. Walston later filed a bankruptcy petition and Allegaert was the trustee in bankruptcy. Allegaert filed suit raising challenges to the realignment agreement similar to those raised in the earlier derivative action. The two law firms who had represented Walston in the earlier action sought to represent Allegaert's adversaries in the instant case, H. Ross Perot et al. (Perot). Citing Canon 4 of the Code of Professional Responsibility, Allegaert moved to disqualify the two law firms on the ground that their representation of Walston in the derivative action meant

that they could not now represent Walston's adversary in a similar action.

The Second Circuit interpreted Canon 4 as providing that "an attorney may be disqualified pursuant to Canon 4 if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior litigation." *Allegaert*, 565 F.2d at 250. However, the Second Circuit further ruled that "before the substantial relationship test is even implicated, it must be shown that the attorney was in a position where he could have received information which his former client might reasonably have assumed the attorney would withhold from his present client." *Id.* The court determined that Walston knew that information given to the two law firms in the course of the derivative action would be conveyed to the firms' primary client, Perot. Because Walston did not expect any information he provided to the firms to be withheld from Perot, the Second Circuit determined that Canon 4 did not require disqualification of the law firms.

B & P and Frost counter that the *Allegaert* line of cases has been followed only by jurisdictions applying the Model Code of Professional Responsibility. B & P and Frost argue that Virginia has adopted the Model Rules of Professional Responsibility and that different principles apply with respect to former clients under the Model Rules than under the Model Code. B & P and Frost argue that Canon 4 of the Model Code is primarily concerned with protection of client confidences, whereas Rule 1.9(a) of the Model Rules safeguards not only confidentiality, but also the client's expectation of the attorney's loyalty and public confidence in the integrity of the bar.

Contrary to B & P and Frost's assertion, the *Allegaert* rule has been both disavowed and followed in jurisdictions following the Model Rules. *Compare Prisco v.*

*Westgate Entertainment, Inc.*, 799 F.Supp. 266, 271–72 (D.Conn.1992) (declining to follow *Allegaert* in case involving Model Rules because "where former clients are involved, the Model Rules and the ABA Code impose different standards"), and *Securities Investor Prot. Corp. v. R.D. Kushnir & Co.*, 246 B.R. 582, 588–90 (Bankr. N.D.Ill.2000) (declining to follow *Allegaert* in case involving Model Rules), with *In re Rite Aid Corp. Sec. Litig.*, 139 F.Supp.2d 649, 655–60 (E.D.Pa.2001) (denying motion to disqualify pursuant to Model Rules based in part on *Allegaert), and Host Marriott Corp. v. Fast Food Operators, Inc.*, 891 F.Supp. 1002, 1007–08 (D.N.J. 1995) (applying *Allegaert* in case involving Model Rules).

The parties have not cited any Virginia cases addressing whether the *Allegaert* rule is relevant to the disposition of a motion to disqualify pursuant to Rule 1.9(a). However, in an unpublished opinion, one Virginia circuit court has declined to follow the *Allegaert* rule. *See Sharp v. Sharp*, No. 02–74, 2006 WL 3088067 at *25–26 (Va.Cir.Ct. Oct. 26, 2006). In *Sharp*, the respondent in a partition suit sought to disqualify the complainant's counsel on the ground that the complainant's former counsel acted as counsel to both parties in a real estate transaction involved in the instant suit. The respondent argued that to the extent that any attorney-client confidences had been passed to the complainant's current counsel, he should be disqualified as well. The court analyzed the *Allegaert* rule as bearing on the issue of whether the former client consented to the current adverse representation, theorizing that the *Allegaert* rule is founded on implied consent. The court noted that neither party had cited any Virginia authority addressing the issue of whether Virginia follows the *Allegaert* rule. In declining to follow *Allegaert,* the court noted that *Allegaert* expressly

rested its holding on Canon 4 of the Model Code and that Rule 1.9 of the Model Rules was designed not only to protect client confidences, but "to establish broader standards of attorney loyalty." *Sharp* at *26.

Although *Sharp* is not binding, the court finds its reasoning persuasive and determines that in this case, Wildman Harrold's continued representation of Touchcom against Wildman Harrold's former client, Frost, is prohibited by Rule 1.9(a). Thus, the motion to disqualify is granted with respect to Wildman Harrold.

B & P and Frost further argue that Capsalis Bruce has been "tainted" by acting as co-counsel to Wildman Harrold and thus must be disqualified as well. The court notes that no attorneys from Capsalis Bruce have filed an entry of appearance or filed a brief in this case and thus the court need not decide whether that firm is disqualified.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to disqualify is granted to the extent that attorneys from Wildman Harrold are disqualified from representing Touchcom in this case.

(2) Replacement counsel for Touchcom is directed to file an entry of appearance within 30 days of the date of filing of this order.

(3) All previously filed briefs are rejected.

(4) Touchcom's replacement brief is due within 60 days of the date of filing of this order.