725 So.2d 431 (1999)
PINEBROOK TOWNE HOUSE ASSOCIATION, INC., a Florida corporation, Petitioner,
v.
C.E. O'DELL AND ASSOCIATES, INC., a Florida corporation, and Carlos E. O'Dell, an individual, Respondents.
No. 98-04337
District Court of Appeal of Florida, Second District.
February 3, 1999.
*432 Conrad J. Lazo of Lentz & Fair, P.A., Sarasota, for Petitioner.
Bruce H. Denson of the Whittemore Law Group, P.A., St. Petersburg, for Respondents.
PER CURIAM.
Pinebrook Towne House Association, Inc. (Pinebrook), seeks a writ of certiorari to review the trial court's order granting the motion of C.E. O'Dell and Associates, Inc. (O & A) and Carlos E. O'Dell (O'Dell) to disqualify H. James Lentz and the law firm of Lentz & Fair, P.A., from representing Pinebrook in its action against O'Dell and O & A. The order also prohibited disclosure to Pinebrook, its representatives, or successor counsel of any information or documents furnished by O'Dell to Lentz. We quash the trial court's order as a departure from the essential requirements of the law and remand this case for further proceedings.
Pinebrook is a not-for-profit Florida corporation, organized for the management and maintenance of a townhouse community. O'Dell is a professional engineer, licensed to practice in the State of Florida. O'Dell is also the principal officer and director of O & A, a for-profit corporation, established for the purpose of providing professional engineering services.
In May 1995, O & A entered into a contract with Pinebrook to perform various design and construction administration services toward the repair and restoration of a Pinebrook Town House Community. Six months later, based on recommendations made by O & A, Pinebrook entered into a contract (CPS contract) with a contractor to perform improvements on Pinebrook's property. Although the CPS contract is not a part of the record, Pinebrook alleges that the CPS contract required O & A to be the design professional of record and to serve the functions of the architect. Pinebrook also alleges that the CPS contract required O & A to consult and advise Pinebrook as to the progress of the work and issues affecting the construction project. Neither O'Dell nor O & A disputes these allegations concerning the CPS contract in their responses to the petition.
In 1996, Pinebrook believed that cost overruns were occurring on the construction project and contacted attorneys Steven Mezer and H. James Lentz. In January 1997, O'Dell agreed to meet with them concerning Pinebrook's potential claims. Following this meeting, the attorneys conducted an additional investigation. In February 1997, Lentz notified O'Dell in writing of pending disputes between Pinebrook and the contractor and between Pinebrook and O & A, including a claim that O & A breached the CPS contract by errors, omissions, and failure to administer the contract.
In April 1997, upon Lentz's request, O'Dell furnished Lentz the project manual, project plans, addendums, change order directives, inspection reports, and correspondence. In September 1997, Pinebrook, represented by Lentz, filed suit against O'Dell and O & A, alleging breach of contract, fraud in the inducement, and malpractice. Numerous attempts were subsequently made by Pinebrook to take a deposition from O'Dell, all of which were canceled because of scheduling problems. When a deposition was scheduled for September 1998, O'Dell filed a motion for protective order and motion to disqualify Attorney Lentz.
The motion, with a supporting affidavit from O'Dell, alleges that at the January 1997 meeting with Mezer and Lentz, the attorneys told O'Dell that the discussion was "off the record," and that the attorneys were not seeking information to be used against O'Dell. O'Dell's affidavit also states that the attorneys gained an unfair advantage over O'Dell by creating a relationship of trust and confidence which prompted O'Dell to disclose his mental impressions and matters that were material to the claims. Attorney Lentz filed an affidavit, stating that, at all times, O'Dell was aware that Lentz's firm represented Pinebrook, that Lentz never stated that there was any confidential relationship between Lentz and O'Dell, and that no statements were made to O'Dell to leave an impression *433 that the information obtained would not be used against him.
Following a hearing, the trial court granted the motion of O'Dell and O & A and entered an order disqualifying Lentz and his law firm from representing Pinebrook in its action against O'Dell and O & A. The order also prohibited Lentz from disclosing to Pinebrook, its representatives, or the successor attorney for Pinebrook, any information or documents furnished by O'Dell to Lentz. We conclude that the trial court's order departed from the essential requirements of the law.[1]
Orders that grant or deny motions to disqualify a party's attorney are properly reviewed by certiorari. See Kenn Air Corp. v. Gainesville-Alachua County Reg'l Airport Auth., 593 So.2d 1219, 1221 (Fla. 1st DCA 1992). Disqualification of a party's chosen counsel is an extreme remedy and should be employed sparingly. See Singer Island, Ltd., Inc. v. Budget Constr. Co., Inc., 714 So.2d 651, 652 (Fla. 4th DCA 1998). "The order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal." Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987).
The issue in this case exclusively concerns the January 1997 meeting, attended by O'Dell and Attorneys Mezer and Lentz. It is undisputed that there was no attorney-client relationship between these attorneys and O'Dell. See Kenn Air Corp., 593 So.2d at 1223 (attorney may not represent an adversary of a former client where the client disclosed confidences during the course of representation). It is also undisputed that O'Dell was aware that these attorneys represented Pinebrook. See R. Regulating Fla. Bar 4-4.3 (lawyer has a duty to correct any misunderstanding of his role). Further, this court has not been furnished with any document in this record that indicates any paper furnished by O'Dell to these attorneys was entitled to confidential treatment.[2]See General Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505, 506 (Fla. 4th DCA 1986) (the receipt of privileged documents is grounds for disqualification of the attorney receiving the documents based on the unfair tactical advantage such disclosure provides).
We have reviewed Rule Regulating Florida Bar 4-1.7[3] and the case law which was cited to the trial court and do not agree that these authorities support the trial court's order. O'Dell and O & A seemingly suggest that we craft a rule, similar to Miranda[4] warnings, which would require putting a potential defendant in a civil case on notice that anything he says will be used against him. While there may be an instance of such application where an attorney commits a fraud upon an unsuspecting lay person,[5] the facts of this case are quite different. O'Dell knew that these attorneys represented Pinebrook. He also knew that Pinebrook was seeking out potential claims on this construction project. If O'Dell had reservations concerning what information he should disclose, he should have walked away and contacted an attorney.
Based upon the record presented to this court, we find that no confidential relationship has been shown to support the trial court's order. Accordingly, we quash the *434 trial court's order because it departs from the essential requirements of the law, and the harm resulting from this error cannot be cured on appeal from the final judgment.
Reversed and remanded.
PARKER, C.J., and ALTENBERND and NORTHCUTT, JJ., Concur.
NOTES
[1] Although we are troubled by the fact that it took the attorney for O'Dell and O & A more than eleven months after this action was filed, and over nineteen months after the event in question, to file its motion to disqualify, we decline to address the issue of timeliness because we have otherwise resolved this case.
[2] In fact, the attorney representing O'Dell and O & A stated to the trial court, "We do not contend the documents that have been provided were [a] breach of confidentiality, because they were entitled to those documents in the first place."
[3] Rule 4-1.7 Conflict of interest; general rule

(a) Representing Adverse Interests. A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:
(1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and
(2) each client consents after consultation.
[4] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[5] See R. Regulating Fla. Bar 4-4.3.