745 So.2d 510 (1999)
Richard J. GATON and Edward Stiefel, Petitioners,
v.
HEALTH COALITION, INC., Respondent.
No. 99-1315.
District Court of Appeal of Florida, Third District.
November 24, 1999.
Richman Greer Weil Brumbaugh Mirabito & Christensen and Gary S. Betensky and Kenneth L. Dobkin, Miami, for petitioners.
Greenberg Traurig and Elliot H. Scherker and Ronald M. Rosengarten, Miami, for respondent.
*511 Before COPE, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
Richard J. Gaton and Edward Stiefel petition this court for a writ of certiorari quashing an order of the trial court denying their motion to disqualify Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A. [Greenberg, Traurig] as Health Coalition, Inc.'s [HCI] counsel on the ground of conflict of interest. We grant the petition and direct the disqualification.
Gaton and Stiefel moved to disqualify Greenberg Traurig upon learning that attorney Paul Lipton had joined that firm. According to Gaton and Stiefel's motion and supporting affidavits, Lipton had previously served in this case as their co-counsel in connection with their attempts in the trial court to have sanctions imposed against HCI. Gaton and Stiefel's affidavits state that in this capacity Lipton conferred with their lead counsel and became privy to confidential information as to their cause. In an affidavit filed in opposition to the motion, Lipton admits that he was retained on a limited matter, but states that he has no present recollection of any material or confidential information imparted by Gaton and Stiefel's lead counsel.
Rule 4-1.10 of the Rules Regulating the Florida Bar addresses conflict of interest problems which may arise when a lawyer moves from one firm to another. See Nissan Motor Corp. in USA v. Orozco, 595 So.2d 240 (Fla. 4th DCA 1992); R. Regulating Fla. Bar 4-1.10 cmt. (1994). Rule 4-1.10(b) states:
"When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer ... had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) that is material to the matter."
In cases involving a direct attorney-client relationship, the courts have recognized an irrefutable presumption that confidences were disclosed. State Farm Mutual Auto. Ins. Co. v. K.A.W., 575 So.2d 630 (Fla.1991); Boca Investors Group, Inc. v. Potash, 728 So.2d 825 (Fla. 3d DCA 1999); Garner v. Somberg, 672 So.2d 852 (Fla. 3d DCA 1996). We agree with HCI that for vicarious disqualification under rule 4-1.10(b), however, Gaton and Stiefel may not rely on this presumption. There must be a showing that the newly associated attorney acquired confidential information during his prior representation. See Koulisis v. Rivers, 730 So.2d 289 (Fla. 4th DCA 1999); Nissan, 595 So.2d 240. After the moving party meets its burden of establishing a prima facie case for disqualification by such a showing, the burden then shifts. The firm whose disqualification is sought must then demonstrate that their new associate has no actual knowledge of any confidential information material to the case. Koulisis, 730 So.2d at 292; R. Regulating Fla. Bar 4-1.10 cmt. (1994) ("In any such inquiry, the burden of proof should rest upon the firm whose disqualification is sought."). As the Koulisis court pointed out, this allocation of burden acknowledges the difficulty of proving what someone knows and places the procedural hurdle before the law firm that could have best avoided the ethical problem.
The affidavits submitted in support of the disqualification motion clearly state that counsel for Gaton and Stiefel provided Lipton with "extensive background on all aspects of the case," "mental impressions on the entire matter," "strategies and how they impacted the future of the case," and "overall thoughts regarding liability, damages, and discovery of the case as a whole." This was sufficient to meet their burden of proof. Lipton's affidavit, on the other hand, does not deny that he acquired such confidential information during his prior representation, but merely states that he has "no present recollection." A failure to remember, however, does not *512 rebut clearly set-out assertions, as here. See, e.g., Walker v. State, 742 So.2d 342 (Fla. 3d DCA 1999) (belated appeal granted to defendant where defense counsel did not recall whether defendant had asked him to file an appeal); Allstate Ins. Co. v. Eckert, 472 So.2d 807 (Fla. 4th DCA 1985) (insured's failure to remember receipt of forms explaining insurance options deemed insufficient to rebut presumption of receipt).
Based on the foregoing, we grant certiorari, quash the order under review, and remand for entry of an order disqualifying Greenberg, Traurig as attorneys for HCI.