788 So.2d 1119 (2001)
Denise Marie THERRIAULT, Appellant,
v.
John Charles BERGHMANS, Appellee.
No. 2D00-4258.
District Court of Appeal of Florida, Second District.
July 6, 2001.
Jeffrey S. Gerow, Boca Raton, for Appellant.
James C. Runyon of Greene and Runyon, P.A., St. Petersburg, for Appellee.
STRINGER, Judge.
The former wife, Denise M. Therriault, seeks a writ of certiorari to quash an order disqualifying her counsel, Jeffrey S. Gerow. We conclude that the trial court departed from the essential requirements of the law and therefore grant the writ.
This case arose from postdissolution of marriage proceedings. The former wife had pending before the trial court several motions, including two motions for contempt and an emergency motion for restraining order. The former husband, John C. Berghmans, also had several motions pending before the court, including a supplemental petition for modification of child visitation and a motion to disqualify the former wife's counsel. A hearing was set on all pending motions, and the trial court determined that it would first hear *1120 the motion to disqualify. At the hearing, the former husband raised three arguments for the disqualification of the former wife's counsel. First, the former husband argued that Mr. Gerow improperly discussed relocation with the parties' minor child. Second, the former husband argued that Mr. Gerow would be a material witness in the former husband's challenge to the validity of the settlement agreement entered into by the parties. Third, the former husband asserted that Mr. Gerow gave him improper legal advice and misled him. After hearing testimony, the trial court granted the motion for disqualification. The trial court did not make specific findings of fact.
"Disqualification of a party's chosen counsel is an extraordinary remedy that should be resorted to only sparingly." Arcara v. Philip M. Warren, P.A., 574 So.2d 325, 326 (Fla. 4th DCA 1991). We find that none of the arguments raised by the former husband justify the imposition of this extraordinary remedy in this case.
The former husband's first argument for disqualification was based on allegations that Mr. Gerow had improperly discussed relocation with the parties' minor child. There, however, was no evidence presented at the hearing as to any improper statements Mr. Gerow made to the minor child. Thus, the record does not support the disqualification on this basis.
The second basis argued by the former husband was that Mr. Gerow would likely be a material witness in his challenge to the parties' settlement agreement on the basis of fraud. In this case, the former wife sought to relocate with the minor child to Boca Raton, Florida. The settlement agreement the parties' entered into allowed the former wife to move anywhere within Florida. Mr. Gerow represented the former wife during the negotiation of the settlement agreement. The former husband challenged the former wife's proposed relocation and argued that Mr. Gerow would be a material witness in his challenge to the settlement agreement. The former husband asserted that, pursuant to Rule Regulating the Florida Bar 4-3.7, Mr. Gerow could not act as the former wife's advocate at trial.
Rule 4-3.7 provides that a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client." We agree that Mr. Gerow could potentially be a material witness in a challenge to the parties' settlement agreement. However, the disqualification in this case was premature because it is does not appear from the record that the former husband has formally raised a fraud claim in an actual motion nor has Mr. Gerow been deposed as to what his testimony will be on that issue. See Singer Island Ltd., Inc. v. Budget Constr. Co., 714 So.2d 651 (Fla. 4th DCA 1998) (holding that trial court properly denied motion to disqualify where movant only showed a mere possibility that disqualification may be necessary and counsel had not been deposed to determine if his testimony would support a motion to disqualify).
The third basis argued by the former husband for disqualification was that Mr. Gerow gave him improper legal advice and misled him. The allegations stem from numerous letters exchanged between Mr. Gerow and the former husband during a period when the former husband was unrepresented by counsel. We agree that many of the letters and comments were improper. See R. Regulating Fla. Bar 4-4.3 (stating that in dealing on behalf of his or her client, a lawyer should not give advice to an unrepresented person other than the advice to obtain counsel). However, while Mr. Gerow's conduct may have been cause for disciplinary action, we find that his actions did not justify the imposition *1121 of the extraordinary remedy of disqualification. There was no showing that an unfair advantage was gained or that the former husband suffered injury as a result of Mr. Gerow's conduct. Moreover, since the former husband is now represented by counsel, it appears from the record that the conduct has stopped.
We find that the trial court departed from the essential requirements of the law in granting the disqualification in this case. Our holding does not preclude the former husband from seeking disqualification upon establishing, with record evidence, that Mr. Gerow's testimony will be adverse to the former wife or will place the former husband at a disadvantage in a claim pending before the trial court.
Accordingly, we grant the petition for writ of certiorari.
PATTERSON, A.C.J., and FULMER, J., concur.