807 So.2d 690 (2002)
LEGION INSURANCE COMPANY, Petitioner,
v.
BANK OF AMERICA, N.A., d/b/a Nations Bank, N.A., a national banking association, Respondent.
No. 2D01-2259.
District Court of Appeal of Florida, Second District.
January 16, 2002.
Rehearing Denied February 27, 2002.
Marie Tomassi and John D. Goldsmith, of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, St. Petersburg, for Appellant.
*691 Marie A. Borland and Michael P. Brundage, of Hill, Ward & Henderson, P.A., Tampa, for Appellee.
DAVIS, Judge.
Petitioner, Legion Insurance Company, seeks a writ of certiorari to quash the circuit court's nonfinal order disqualifying its counsel, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis (Trenam). The circuit court found a conflict of interest resulting from Trenam's representation of a former client. We grant the petition.
Trenam's current representation of Legion began with the inception of Legion's suit against Bank of America d/b/a NationsBank in 1999. Legion alleges that the bank breached its fiduciary duty in handling a trust account maintained for Legion by Scott Wetzel Services, Inc. (SWS).
Prior to this litigation, Irene Ferguson worked for NationsBank, which was then known as Barnett Bank. After Ferguson terminated her employment with Nations-Bank on April 13, 1998, the federal government began a criminal investigation of John Harrold, a principal in SWS. The investigation centered around a $4.5 million overdraft NationsBank suffered in October 1998. As a part of that investigation, Ferguson was interviewed because during her employment with NationsBank, she was responsible for the SWS accounts. She retained Trenam attorney Kevin Darken to represent her in connection with the interview. Darken's representation consisted of 4.4 hours spent obtaining a proffer letter and attending an interview with the FBI. Other than this interview, Darken had no other meetings with Ferguson.
After the institution of the instant lawsuit, Ferguson was contacted as a potential witness by counsel for NationsBank. After being advised that Ferguson was a potential witness in the instant case, Darken withdrew from representing her. On November 14, 2000, NationsBank moved to disqualify Trenam; the trial court granted the motion.
In its order, the trial court cites Florida Bar Rule 4-1.9, which provides:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation....
Although the parties focus on whether the criminal investigation of John Harrold and Legion's civil suit are "substantially related," we need not address that issue. We conclude that, even if Ferguson's interests are adverse to Legion's, a conclusion that we do not necessarily reach, the alleged conflict was resolved by Ferguson consenting, after consultation, to Trenam's representation of Legion. Ferguson signed an affidavit stating that she had been fully informed of Trenam's representation of Legion, that she consented to such representation, and that she waived any possible conflict. Therefore, it was error to disqualify Trenam from representing Legion.
Due to the seriousness of the error, which amounted to denying Legion its choice of counsel, we grant the petition and vacate the order. See, e.g., Carnival Corp. v. Beverly, 744 So.2d 489 (Fla. 1st DCA 1999); Saud v. Arzumanian, 745 So.2d 544 (Fla. 4th DCA 1999). See also Therriault v. Berghmans, 788 So.2d 1119 (Fla. 2d DCA 2001) (stating that disqualification of one's counsel is an extraordinary *692 remedy that should be resorted to only sparingly).
Petition granted and order quashed.
NORTHCUTT, J., and DANAHY, PAUL W., Senior Judge, Concur.