837 So.2d 1142 (2003)
Selina AKREY, as Next Best Friend of Timothy Barber, Petitioner,
v.
KINDRED NURSING CENTERS EAST, L.L.C. f/k/a Vencor Nursing Centers East, L.L.C. d/b/a Bay Point Nursing Pavilion, Vencor, Inc., Ventas, Inc., and Kindred Healthcare Operating, Inc., f/k/a Vencor Operating, Inc., Respondents.
No. 2D02-2944.
District Court of Appeal of Florida, Second District.
February 21, 2003.
*1143 John Calhoun Bales, David B. Weinstein, Kimberly S. Mello of Bales Weinstein, Tampa, for Petitioner.
Ronald E. Bush and H. Hamilton Rice, III, of Bavol, Bush & Sisco, P.A., Tampa, for Respondents.
CASANUEVA, Judge.
Selina Akrey, as next best friend of Timothy Barber ("Barber"), sued various entities in this case involving injuries Mr. Barber sustained at a nursing home owned and operated by one of the defendants (referred to in this opinion collectively as "Vencor"). After filing its answer and affirmative defenses, Vencor moved to disqualify the plaintiff's law firm, Bales Weinstein, on the ground that one of its attorneys, Scott DiStasio, had formerly represented Vencor while associated with the firm of Shear, Newman, Hahn and Rosencranz, P.A. Upon consideration of affidavits and arguments of counsel, the trial court granted Vencor's motion and disqualified the Bales Weinstein firm from *1144 representing Barber in this matter. Barber has now sought a writ of certiorari in this court. Because the trial court's order departed from the essential requirements of the law, we grant certiorari and quash the disqualification order.
Disqualification of counsel is a matter uniquely suited for review by certiorari because it is an extraordinary remedy that should be used most sparingly. Legion Ins. Co. v. Bank of America, N.A., 807 So.2d 690 (Fla. 2d DCA 2002) (citing Therriault v. Berghmans, 788 So.2d 1119 (Fla. 2d DCA 2001)). The effect is for a party to be denied counsel of its choice, a material injury without appellate remedy. Therefore, upon a showing that the order departed from the essential requirements of law, a reviewing court can issue the writ. See Pinebrook Towne House Ass'n v. C.E. O'Dell & Assocs., 725 So.2d 431 (Fla. 2d DCA 1999).
At the outset, we note that Vencor has not alleged that Mr. DiStasio is personally representing Barber. Rather, this is a case of imputed disqualification. If any of a firm's lawyers would be disqualified, all must be disqualified under this ethical precept. See Matluck v. Matluck, 825 So.2d 1071 (Fla. 4th DCA 2002).
In particular, this matter is governed by rule 4-1.10(b) of the Rules Regulating the Florida Bar, which states:
(b) Former Clients of Newly Associated Lawyer. When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rule 4-1.6 and 4-1.9(b) that is material to the matter.
Here, a Bales Weinstein lawyer previously represented a clientVencorwhose interests are adverse to Barber. However, the underlying litigation of this case is not the same litigation in which Mr. DiStasio previously represented Vencor, so an issue is raised whether Barber's suit against Vencor is a "substantially related matter." Furthermore, it must be shown that Mr. DiStasio not only received protected client confidences but also that the confidential information was "material to [this] matter."
The burden of proof does not lie entirely with either party. First, as the moving party, Vencor's lawyers must establish a prima facie case for disqualification by showing that Mr. DiStasio acquired confidential information during his prior representation of Vencor in a substantially related case. If it can carry that burden, the Bales Weinstein firm must then show that Mr. DiStasio has no actual knowledge of any confidential information material to this case. See Scott v. Higginbotham, 834 So.2d 221 (Fla. 2d DCA 2002) (citing Gaton v. Health Coalition, Inc., 745 So.2d 510, 511 (Fla. 3d DCA 1999); Koulisis v. Rivers, 730 So.2d 289, 292 (Fla. 4th DCA 1999)).
The comments to the Rules Regulating the Florida Bar provide guidance in making these determinations. The Bar recognizes that an individual lawyer is obligated to decline representation "involving positions adverse to a former client arising in substantially related matters." R. Regulating Fla. Bar 4-1.10 cmt. That duty does not extend to every lawyer in the firm with which he or she is newly associated, however, unless the representation involves "the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." R. Regulating Fla. Bar 4-1.9(a). In those situations the precepts *1145 of rule 4-1.9(a) are of paramount importance. R. Regulating Fla. Bar 1.10 cmt. "Thus, if a lawyer left [one] firm for another, the new affiliation would not preclude the firms involved from continuing to represent clients with adverse interests in the same or related matters so long as the conditions of rule 4-1.10(b) ... concerning confidentiality have been met." Id. As the comment to rule 4-1.9(a) observes, "a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client."
The attorneys and the court in this case attempted to resolve these serious issues through affidavits. Vencor filed an affidavit of one of its attorneys averring that the affiant had attended a 1999 seminar sponsored by Vencor for its outside counsel in which Mr. DiStasio moderated a panel discussion entitled "Discovery Issues: Defending Against Production of All Personnel Files and All Resident Records." Vencor's attorneys also alleged in their unsworn motion that Mr. DiStasio represented Vencor, as defense counsel, in lawsuits filed by twenty-five different plaintiffs, and during the course of his representation he learned confidential litigation and settlement strategies, as well as other confidential corporate information. Mr. DiStasio filed an opposing affidavit averring that during the course of his defense of Vencor nursing home cases he acquired no confidential information "other than fact specific information regarding whether or not proper care was provided to the particular resident that was suing the facility." Furthermore, he never received confidential corporate information in his prior representation because none of those cases involved punitive damage claims. As to his participation in the 1999 seminar, Mr. DiStasio stated that the information presented "was no different than the same presenters have presented in seminars attended by plaintiffs and defense lawyers throughout the State of Florida." Mr. DiStasio averred to the best of his knowledge that none of his prior cases involved the same facility where Mr. Barber was injured; and Mr. Barber was not admitted to that facility until six months after Mr. DiStasio left the Shear Newman firm.
At the end of the hearing on the motion for disqualification, the lawyer for Bales Weinstein specifically requested more time to present his case and suggested that he would be "happy" to have an evidentiary hearing. The judge, taking the matter under advisement, agreed that he would be willing to have an evidentiary hearing and speculated that it might be necessary to hold one. Nevertheless, he entered a written order without taking further evidence.
The trial court departed from the essential requirements of law when it ordered disqualification of the Bales Weinstein firm based only upon these affidavits. The affidavit filed by Vencor's lawyer lacks competent evidence to carry its burden, and the only possible conclusion is that the trial court improperly relied upon unsworn testimony of Vencor's attorney. A bald assertion that Bales Weinstein's present case against Vencor involves subject matter identical to Mr. DiStasio's former representation of Vencor cannot meet the burden required to disqualify an attorney. As observed in Royal Caribbean Cruises, Ltd. v. Buenaagua, 685 So.2d 8, 11 (Fla. 3d DCA 1996), it is "a basic principle of our jurisprudential system ... [that] [a]ll patent cases are similar; all bankruptcy cases are similar; indeed, all eviction, negligence and immigration cases, and all cases of any singular type share elements in common." No competent evidence as to the relevant *1146 dates of Mr. DiStasio's representations, the types of claims he defended, or the facilities involved was presented to the trial court. Because the trial court ordered disqualification based on insufficient affidavits, we hold, as did the First District in Simon DeBartolo Group, Inc. v. Bratley, 741 So.2d 1254, 1254 (Fla. 1st DCA 1999), "that the trial court departed from the essential requirements of law by reaching its conclusion without conducting an evidentiary hearing." See also Graham v. Wyeth Labs. Div. of Am. Home Products Corp., 906 F.2d 1419, 1424 (10th Cir.1990) (holding that dispositive factual issues remained unresolved on the issue of disqualification, necessitating an evidentiary hearing).
Accordingly, Barber's petition for certiorari is granted, the order granting disqualification is quashed, and this cause is remanded for an evidentiary hearing.
FULMER and COVINGTON, JJ., Concur.