959 So.2d 774 (2007)
BON SECOURS-MARIA MANOR NURSING CARE CENTER, INC., d/b/a Bon Secours-Maria Manor, a Florida corporation, Petitioner,
v.
Bettye SEAMAN, as Personal Representative of the Estate of Naomi Githens, deceased, Respondent.
No. 2D06-5726.
District Court of Appeal of Florida, Second District.
June 15, 2007.
Thomas A. Valdez and Sheila K. Nicholson of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for Petitioner.
Jay P. Dinan of Dinan, Catania, LLC, Tampa, for Respondent.
WALLACE, Judge.
Bon Secours-Maria Manor Nursing Care Center, Inc., d/b/a Bon Secours-Maria Manor, a Florida corporation (Bon Secours), petitions for review by common law certiorari of a circuit court order that disqualified its counsel from the defense of an action brought by Bettye Seaman, as personal *775 representative of the Estate of Naomi Githens, deceased, for the alleged violations of a nursing home resident's rights. Because the circuit court departed from the essential requirements of the law in entering the order disqualifying Bon Secours' counsel, we grant the petition and quash the order.

The Factual Background
When Ms. Seaman filed the nursing home rights action against Bon Secours in October 2003, she was represented by Mr. Jay Dinan. At that time, Mr. Dinan was an associate with the law firm of Santa Lucia & Thomas, P.A., where Robert Santa Lucia was a partner. Since June 2005, the law firm of Quintairos, Prieto, Wood & Boyer, P.A. (the Quintairos law firm), has defended the action on behalf of Bon Secours.[1]
In 2006, a potential conflict of interest arose when the Santa Lucia & Thomas law firm dissolved and Mr. Santa Lucia became a partner at the Quintairos law firm. Mr. Santa Lucia's move to the Quintairos law firm resulted in a situation where that firm was representing Bon Secours in a matter that was directly adverse to the interests of Ms. Seaman, their new partner's former client. Under these circumstances, a question arose concerning whether Mr. Santa Lucia's move to the Quintairos law firm should disqualify the firm from continuing to represent Bon Secours in the defense of the action brought by Ms. Seaman. This question became ripe for decision when Mr. Dinanwho continued to represent Ms. Seamanfiled a motion on her behalf to disqualify the Quintairos law firm from further representation of Bon Secours.

Jurisdiction and the Standard of Review
Disqualification of counsel is "an extraordinary remedy that should be used most sparingly." Akrey v. Kindred Nursing Ctrs. E., L.L.C., 837 So.2d 1142, 1144 (Fla. 2d DCA 2003) (citing Legion Ins. Co. v. Bank of Am., N.A., 807 So.2d 690 (Fla. 2d DCA 2002)). Because disqualification denies a party its counsel of choice, it is a material injury without appellate remedy. Id. For this reason, review of an order of disqualification by certiorari is appropriate, and a reviewing court may grant the writ where the petitioner can demonstrate that the order disqualifying counsel departed from the essential requirements of law. Id. (citing Pinebrook Towne House Ass'n v. C.E. O'Dell & Assocs., 725 So.2d 431 (Fla. 2d DCA 1999)).

Rule 4-1.10(b) and "Acquiring Confidential Information"
A case "involving imputed disqualification of a law firm based on the prior representation of a newly associated attorney [is] governed by rule 4-1.10(b) of the Rules Regulating the Florida Bar." Scott v. Higginbotham, 834 So.2d 221, 223 (Fla. 2d DCA 2002) (citing Gaton v. Health Coalition, Inc. 745 So.2d 510, 511 (Fla. 3d DCA 1999), and Koulisis v. Rivers, 730 So.2d 289, 293 (Fla. 4th DCA 1999)). The rule provides:
(b) Former Clients of Newly Associated Lawyer. When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously *776 represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6[[2]] and 4-1.9(b)[[3]] that is material to the matter.

R. Regulating Fla. Bar 4-1.10(b) (emphasis added). The comment to the rule explains:
Subdivisions (b) and (c) operate to disqualify the firm only when the lawyer involved has actual knowledge of information protected by rules 4-1.6 and 4-1.9(b). Thus, if a lawyer while with 1 firm acquired no knowledge or information relating to a particular client of the firm and that lawyer later joined another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the 2 clients conflict.

R. Regulating Fla. Bar 4-1.10 comment (emphasis added).

The Essential Requirements of the Law
In Scott, this court outlined a procedural road map for resolving the type of question presented by the facts of this case:
[U]nder rule 4-1.10(b), in order to establish a prima facie case for disqualification, the moving party must show that the newly associated attorney acquired confidential information in the course of the attorney's prior representation. Gaton, 745 So.2d at 511; Koulisis, 730 So.2d at 292. After the moving party meets this burden, the burden shifts to the firm whose disqualification is sought to show that the newly associated attorney has no knowledge of any material confidential information.
Scott, 834 So.2d at 223.
Accordingly, the circuit court's first task in deciding the motion for disqualification was to determine whether Ms. Seaman had shown that Mr. Santa Lucia, while a partner at Santa Lucia & Thomas, had acquired confidential information relating to Ms. Seaman's claims against Bon Secours. If Ms. Seaman met her burden, then the circuit court was required to determine whether the Quintairos law firm had overcome this prima facie showing and had proved that Mr. Santa Lucia had "no actual knowledge of any confidential information material to this case." Akrey, 837 So.2d at 1144 (citing Scott, 834 So.2d at 223, and Koulisis, 730 So.2d at 292).

The Hearing on the Motion and the Circuit Court's Order
Ms. Seaman's motion to disqualify the Quintairos law firm was not sworn. In her motion, Ms. Seaman alleged that Mr. Santa Lucia "has knowledge of confidential matters concerning [her] side of this case. Furthermore, as a partner of Santa Lucia & Thomas, P.A., Mr. Santa Lucia had access to all other information in the file, including all confidential matters and matters protected by work-product privilege." Based on these assertions, Ms. Seaman argued that rules 4-1.9 and 4-1.10 of the Rules Regulating the Florida Bar and the cases interpreting them required the disqualification of the Quintairos law firm. *777 In conclusion, Ms. Seaman declared that she would not consent to a waiver of the conflict of interest to permit the Quintairos law firm to continue its representation of Bon Secours.
At the hearing on Ms. Seaman's motion, her counsel, Mr. Dinan, who had not been sworn, stated, in pertinent part:
In this case, Mr. Santa Lucia did defense work at Santa Lucia & Thomas. I split the plaintiffs' work with Keith Thomas[,] and [Estate of] Githens was a case that I worked on. Mr. Santa Lucia does not have knowledge [of,] or at least I don't recall discussing with him[,] the particular facts of the case. However, I do know that Mr. Santa Lucia has knowledge regarding the costs in the case.
. . . .
. . . He also has knowledge, whether he remembers it or not, regarding trial strategy, because I talked to him about what I intended to do, where I saw this going and also about potential settlement value of the case or even what we could expect the jury to return a verdict for.
Ms. Seaman did not offer any testimony, affidavits, or other evidence in support of her motion.
In response to Mr. Dinan's statements, Bon Secours' attorney asserted that Mr. Santa Lucia had done only defense work at the Santa Lucia & Thomas law firm and that he had not obtained any confidential information concerning Ms. Seaman's claims against Bon Secours. In support of these assertions, Bon Secours submitted into evidence the sworn affidavit of Mr. Santa Lucia. In his affidavit, Mr. Santa Lucia said:
1. I am currently employed with the [Quintairos law firm].
2. Prior to being employed with the [Quintairos law firm], I was a[n] owner/partner in the law firm of Santa Lucia & Thomas, P.A.
3. This matter [i.e., the action filed by Ms. Seaman], was handled at the law firm of Santa Lucia & Thomas, P.A.[,] by attorney Jay Dinan, Esquire.
4. The law firm of Santa Lucia & Thomas, P.A.[,] is in the process of being dissolved; however, there are some outstanding matters that upon conclusion of the litigation, upon any recovery by the Plaintiff, the law firm of Santa Lucia & Thomas, P.A.[,] may receive disbursement of fees and/or costs.
5. At all times Mr. Dinan, Esquire[,] was the attorney that handled this matter.
6. I never handled this matter or covered any event for this matter.
7. I have not met or spoken to Plaintiff.
8. I have not represented Plaintiff previously, nor have I represented Plaintiff in this matter.
9. I have never read this matter's file.
10. The only information I obtained regarding this matter is the matter was set for trial and then dismissed such that an appeal was taken; a motion to disqualify the [Quintairos law firm] has been filed related to my ownership/relationship with my prior law firm and a case management conference is pending.
11. At various times I had a general knowledge of costs expended on the matter pursuant to my ownership in the prior firm.
12. I have not disclosed to anyone at the [Quintairos law firm] any information regarding this matter.
13. I never acquired any actual knowledge of protected information material *778 to this case while associated with the law firm of Santa Lucia & Thomas, P.A.
14. Since joining the [Quintairos law firm], I have not discussed any information regarding Plaintiff except for information contained in this affidavit.
Although Mr. Santa Lucia was present at the hearing on the motion, neither Mr. Dinan nor the circuit court asked him any questions. Instead of announcing a decision at the conclusion of the hearing, the circuit court reserved ruling on the motion.
In a written order entered approximately three weeks after the hearing, the circuit court noted that Mr. Santa Lucia "was the first named partner" in the Santa Lucia & Thomas law firm. The circuit court's order recited that it had "heard testimony from Plaintiff's counsel" and that "Mr. Dinan testified that he discussed confidential matters that were material . . ., including things like overall strategy, mediation strategy and costs, with Mr. Santa Lucia." (Emphasis added.) After these recitals, the circuit court made the following finding:
[T]he Court finds that based on the testimony before the Court, Mr. Santa Lucia's former position as first named partner, and the Court's role in evaluating the credibility of such evidence and testimony, the Plaintiff has sustained it's [sic] burden in this matter.
(Emphasis added.) Based on this finding, the circuit court granted the motion to disqualify and directed Bon Secours to obtain new counsel within thirty days.

Discussion
Rule 4-1.10 required the circuit court to determineas a factual matter whether Mr. Santa Lucia had actual knowledge of client confidences that would be imputed to the Quintairos law firm. See Nissan Motor Corp. in USA v. Orozco, 595 So.2d 240, 243-44 (Fla. 4th DCA 1992), called into doubt on other grounds by Harpley v. Ducane Indus. (In re Outdoor Prods. Corp.), 183 B.R. 645, 650 n. 7 (Bankr.M.D.Fla.1995) (requiring a similar factual finding when a "tainted associate" joined a firm now opposing his former client). After a careful review of the record, we conclude that the circuit court failed to properly make this determination and to follow the road map provided by our prior decision in Scott. Indeed, the circuit court improperly relied on unwarranted assumptions and a misapprehension of the events that transpired at the hearing to the point that it departed from the essential requirements of the law.
In the order under review, the circuit court referred to the "Court's role in evaluating the credibility of [the] evidence and testimony" presented at the hearing and stated that it had heard "testimony" from Mr. Dinan. However, our review of the transcript discloses that no testimony was presented at the hearing. Mr. Dinan was never sworn at the hearing. Accordingly, his representations about disputed factual issues did not qualify as testimony. See DiSarrio v. Mills, 711 So.2d 1355, 1357 (Fla. 2d DCA 1998); State v. T.A., 528 So.2d 974, 975 (Fla. 2d DCA 1988). Furthermore, Ms. Seaman's motion to disqualify the Quintairos law firm was unsworn. The motion merely contained the bald assertion that Mr. Santa Lucia "ha[d] knowledge of confidential matters concerning Plaintiff's side of this case." Mr. Santa Lucia was present at the hearing, and Bon Secours offered to have him testify. Nevertheless, neither Ms. Seaman nor the circuit court took advantage of this offer. Thus Mr. Santa Lucia's detailed affidavit was the only evidence submitted to the circuit court at the hearing. The circuit court could hardly have evaluated the credibility of Mr. Dinan and Mr. Santa *779 Lucia when it heard only unsworn representations from Mr. Dinan and accepted an affidavit from Mr. Santa Lucia in lieu of his live testimony.
The circuit court apparently placed great weight on Mr. Santa Lucia's role as the "first named partner" in Santa Lucia & Thomas, the law firm that had previously represented Ms. Seaman. Although Mr. Santa Lucia's position in his former law firm was consistent with the acquisition of confidential and material information about Ms. Seaman's case, it was equally consistent with his having obtained only cursory and limited information that did not involve any client confidences. In light of the parties' agreement that Mr. Santa Lucia did not handle any plaintiff's work at the "dual firm" of Santa Lucia & Thomas,[4] the only "evidence" that the circuit court's order could refer to indicating that Mr. Santa Lucia had acquired confidential and material information about Ms. Seaman's claims was the following statement made by Mr. Dinan at the hearing:
[Mr. Santa Lucia] also has knowledge, whether he remembers it or not, regarding trial strategy, because I talked to him about what I intended to do, where I saw this going and also about potential settlement value of the case or even what we could expect the jury to return a verdict for.
However, as previously noted, Mr. Dinan was never sworn. Thus his statements at the hearing constituted argument only, not testimony.
On the question of whether the circuit court's errors constitute a departure from the essential requirements of the law, we look for guidance to this court's prior decision in Akrey, 837 So.2d 1142. In Akrey, the defendant moved to disqualify the plaintiff's law firm on the ground that one of its attorneys had previously represented the defendant while the attorney was associated with another law firm. Id. at 1143. Instead of holding an evidentiary hearing, the trial court decided to resolve the motion based on affidavits of the attorneys and the arguments of counsel. Id. at 1143, 1145. After taking the matter under advisement, the trial court entered an order that disqualified the plaintiff's law firm from representing the plaintiff in the matter. Id. at 1143-44.
On review by petition for certiorari, we concluded that the affidavit submitted by the defendant's lawyer "lack[ed] competent evidence to carry its burden, and the only possible conclusion is that the trial court improperly relied upon unsworn testimony of [the defendant's] attorney." Id. at 1145. Taking into account the insufficiency of the moving party's affidavit, the trial court's reliance on unsworn testimony, and the failure to hold an evidentiary hearing, the Akrey court held that the trial court had departed from the essential requirements of the law in entering the order disqualifying the plaintiff's attorney. Id. at 1146. Accordingly, we granted the petition and quashed the order. Id.
The facts in this case are analogous to those in Akrey. In this case, the circuit court did conduct a hearing on the motion to disqualify, but it failed to give due consideration to Mr. Santa Lucia's affidavit, the only evidence submitted at the hearing. Instead, the circuit court relied exclusively on Mr. Dinan's unsworn statements at the hearing and unwarranted assumptions stemming from Mr. Santa Lucia's role as the "first named partner" in his former law firm. Here, as in Akrey, the *780 circuit court departed from the essential requirements of the law by relying on unsworn argument as its only factual basis for the entry of an order of disqualification.

Conclusion
Accordingly, we grant Bon Secours' petition for writ of certiorari and quash the order disqualifying the Quintairos law firm from further representation of Bon Secours in the action pending below.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] The Quintairos law firm assumed the defense of the action shortly after Ms. Seaman took an appeal of a final summary judgment that the circuit court had entered in favor of Bon Secours. This court reversed the final summary judgment and remanded for further proceedings. See Estate of Githens v. Bon Secours-Maria Manor Nursing Care Ctr., Inc., 928 So.2d 1272 (Fla. 2d DCA 2006).
[2] Rule 4-1.6 concerning "Confidentiality of Information" requires that "[a] lawyer shall not reveal information relating to representation of a client" except as stated in the rule "unless the client gives informed consent."
[3] Rule 4-1.9 concerning "Conflict of Interest; Former Client" "provides that a lawyer who formerly represented a client shall not thereafter `use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.'" Scott, 834 So.2d at 223 (citing rule 4-1.9(b)).
[4] The parties agree that Keith Thomas handled all of the plaintiff's work at the firm of Santa Lucia & Thomas. They also agree that Keith Thomas was the partner responsible for Ms Seaman's case and that he supervised Mr. Dinan, who was an associate of the firm.