985 So.2d 700 (2008)
Gary WALDREP and Donna Waldrep, his wife, individually, jointly and severally, and Olen Waldrep & Sons Roofing, Inc., a Florida corporation, Petitioners,
v.
Betty WALDREP, Respondent.
No. 4D07-2274.
District Court of Appeal of Florida, Fourth District.
July 9, 2008.
Kenneth D. Cooper, Fort Lauderdale, for petitioners.
*701 Eileen I. Landy of and Michael B. Cohen of Michael B. Cohen, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
Gary Waldrep, Donna Waldrep, and Olen Waldrep & Sons Roofing, Inc. (Defendants) seek review of a nonfinal order of the Broward County circuit court which granted Plaintiff Betty Waldrep's motion to disqualify defense counsel for alleged conflict. We grant the petition and quash the order on review.[1]
In 2006, Plaintiff sued her son Gary, his wife Donna, and Olen Waldrep & Sons Roofing, Inc. (the corporation). She sued Gary and Donna for an equitable lien (count I) and constructive trust (count II), alleging that she had advanced funds totaling over $96,000 for the construction of their residence, which they were to return when the residence was sold. She sued the corporation for breach of lease (count III) and for money owed (count IV) in connection with a warehouse she had owned and leased to the corporation, claiming the corporation owed her $243,500 in unpaid rent.
Defendants were represented in the litigation by attorney Kenneth D. Cooper (Cooper), who had long represented both the corporation and individual family members.
Plaintiff moved to disqualify Cooper from representing Defendants because he previously had represented her, her husband Olen Waldrep, and the corporation on legal matters, both in court and outside of court. The testimony presented at the hearing showed that Cooper had represented Plaintiff in connection with the business when she was one of the owners, prior to the sale of the corporation in 1997 to Gary and Donna. Thereafter, Plaintiff was no longer involved in management, but remained a shareholder of the corporation until the business was paid for, around 2003. Gary denied that Cooper had any involvement in the transaction through which the corporation was sold. Thereafter, Cooper represented Plaintiff occasionally in personal collection matters, none related to the instant lawsuit; the last one took place sometime in 2000-2002, when he advised her in connection with a matter that resulted in her obtaining a judgment in small claims court, though he did not represent her there. That was her only involvement with Cooper within the previous five years.
Rule 4-1.9 of the Rules Regulating the Florida Bar states:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or
(b) use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.
(Underlined emphasis added.)
The "application of this Bar Rule creates an `irrefutable presumption that confidences were disclosed' between the client and the attorney." Health Care & Ret. Corp. of Am., Inc. v. Bradley, 944 *702 So.2d 508, 511 (Fla. 4th DCA 2006) (citing Gaton v. Health Coal., Inc., 745 So.2d 510, 511 (Fla. 3d DCA 1999)).
However, once an attorney-client relationship is shown, the party seeking disqualification must show that the current case involves the same subject matter or a substantially related matter in which the lawyer previously represented the moving party. Id. (quoting Key Largo Rest., Inc. v. T.H. Old Town Assocs., Ltd., 759 So.2d 690, 693 (Fla. 5th DCA 2000)). As this court has previously stated, "Before a client's former attorney can be disqualified from representing adverse interests, it must be shown that the matters presently involved are substantially related to the matters in which prior counsel represented the former client." Campbell v. Am. Pioneer Sav. Bank, 565 So.2d 417, 417 (Fla. 4th DCA 1990) (emphasis added), quoted in Health Care, 944 So.2d at 512.
In determining which matters are "substantially related," a comment to the rule which the supreme court adopted in 2006 provides as follows:
Matters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client. For example, a lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations; however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent.
In re Amendments to the Rules Regulating the Florida Bar, 933 So.2d 417, 445 (Fla.2006).
Plaintiff made no showing at the evidentiary hearing that Cooper's representation of her and her husband while they were running the corporation, and his representation of her on personal matters thereafter, was "substantially related" to, or even had anything to do with, the matters that are the subject of the instant lawsuit. There was no testimony indicating Cooper's prior representation of Plaintiff was involved in any way with Plaintiff's allegedly advancing funds toward the construction of Gary and Donna's residence, or with the lease pursuant to which Plaintiff rented her warehouse to the corporation.
"Disqualification of a party's chosen counsel is an extraordinary remedy and should only be resorted to sparingly." Singer Island, Ltd. v. Budget Constr. Co., 714 So.2d 651, 652 (Fla. 4th DCA 1998), quoted in Health Care, 944 So.2d at 511. Based on the evidence presented below, we conclude that disqualification in this case constituted a departure.
Accordingly, we grant the petition and quash the order on review.
Petition Granted.
STONE, POLEN and FARMER, JJ., concur.
NOTES
[1] Originally, review was sought from an order entered without an evidentiary hearing. On the Plaintiff/respondent's motion, this court relinquished jurisdiction for the trial court to conduct an evidentiary hearing, following which the trial court again granted her motion. We now review the order entered after the hearing.