PER CURIAM.
 

 The Department of Revenue petitions this court for a writ of certiorari challenging an order of the circuit court prohibiting the department from providing services to respondent Calvin Collingwood in an action to modify child support. We grant the petition.
 
 See Bon-Secours-Maria Manor Nursing Care Ctr., Inc. v. Seaman,
 
 959 So.2d 774, 775 (Fla. 2d DCA 2007) (“a reviewing court may grant the writ where the petitioner can demonstrate that the order disqualifying counsel departed from the essential requirements of law”).
 

 Collingwood (“the father”) was obligated to make child support payments, including arrears, to the department, because his former wife, respondent Tabitha Gray (“the mother”), was receiving child support enforcement services from the department under Title IV-D of the Social Security Act. In 2007, the department filed a contempt proceeding against the father, which the court dismissed at the mother’s request. In 2008, the department filed a petition seeking recalculation of the father’s future child-support obligation based upon a significant reduction in his income. The mother asked the court to prohibit the department from representing the father, based upon a conflict of interest, because the department had previously filed the action against the father on her behalf. The court granted the mother’s motion and prohibited the department from representing him, finding that the father was in arrears in paying child support and it would be inequitable to allow the depart
 
 *954
 
 ment to represent him against the mother, and that the department’s efforts should be directed at enforcement of the existing support order. The court directed the father to retain private counsel or proceed pro se. Because there was no evidentiary hearing below, the court necessarily determined that the department’s petition for modification was inequitable as a matter of law. This was a departure from the essential requirements of law.
 

 The court may have concluded that the department’s action seeking downward modification was inequitable because the previous action seeking child support for the mother from the father created a conflict of interest. According to state statutes and rules, however, the department’s counsel represents the department and does not represent either parent, so there is no conflict.
 
 [1]
 
 In other jurisdictions where this issue was raised, the courts have concluded that there is no conflict of interest, because the attorney represents the agency rather than the parent and thus can take a position that benefits one parent in one action involving child support and a position that benefits the other parent in a later action.
 
 See Office of Child Support Enforcement v. Terry,
 
 336 Ark. 310, 985 S.W.2d 711 (1999);
 
 Baldwin v. Baldwin,
 
 174 S.W.3d 685 (Mo.Ct.App.2005);
 
 Gibson v. Johnson,
 
 35 Or.App. 493, 582 P.2d 452 (1978).
 

 In the alternative, the lower court may have concluded that the department’s action was inequitable because the department should spend its time and resources seeking to recover for the mother what the father owes her, rather than seeking to arrange that he pay her a lesser amount. On the contrary, under section 409.2564(11), Florida Statutes (2010), the department is required to review a child-support obligation every three years to determine whether the amount continues to be consistent with current support guidelines, “and may seek adjustment of the order if appropriate under the guidelines schedule.” The statute does not provide that the department may bring such an action only if the paying parent is current on his or her payments, or only if the paying parent is seeking an upward adjustment. The department is authorized by law to bring such an action and thus it is not inequitable as a matter of law. Accordingly, the petition for writ of certiorari is
 

 GRANTED.
 

 PADOVANO, THOMAS, and CLARK, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 409.2564(5), Fla. Stat. (2010) (provides that when the department has undertaken an action to establish, enforce, or modify a child support obligation in a Title IV-D case, an attorney-client relationship exists only between the department and its program attorney); § 409.2567(2), Fla. Stat. (2010) (provides that in cases involving services to individuals who are not receiving public assistance, like the father in the case at bar, an attorney-client relationship exists only between the department and the program attorney); Family Law Rule 12.040(c)(2) (directs any attorney appearing in a case involving a Tide IV-D recipient to inform the recipient that the attorney represents the agency and not the recipient); § 90.502(5), Fla. Stat. (2010) (provides that communications between a department attorney and a person who receives services from the department in the child-support enforcement program are confidential and privileged "as if” there were an attorney-client relationship between them, meaning that the program attorney must keep the confidences of the parent, but the parent is not, in fact, the program attorney’s client).