NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VALEANT INTERNATIONAL BERMUDA,**
*Plaintiff- Appellee,*

v.

**WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC. – FLORIDA, AND WATSON PHARMA, INC.,**
*Defendants-Appellants.*

---

2012-1117, -1307

---

Appeals from the United States District Court for the Southern District of Florida in case no. 10-CV-20526, Chief Judge Federico A. Moreno.

---

## ON MOTION

---

Before BRYSON, LINN, and REYNA, *Circuit Judges.*

LINN, *Circuit Judge.*

### ORDER

Valeant International Bermuda moves to disqualify counsel for Watson Pharmaceuticals, Inc. et. al. and

"renews" its motion. Watson opposes. Valeant replies. Watson moves for leave to file a sur-reply.

On March 20, 2012, the United States District Court for the Southern District of Florida ruled on Valeant's pending motions relating to its request for injunctive relief and issued a second amended final judgment. On March 23, 2012, Watson filed its amended notice of appeal.

In this case, Watson was represented by the firm Kasowitz, Benson, Torres & Friedman LLP in the United States District Court for the Southern District of Florida during the trial court proceeding relating to infringement and validity of Valeant's patents. In unrelated cases, Valeant asserted the same patents against other companies, collectively referred to as "Valeant Matters." On appeal, Kasowitz informed Valeant of Watson's intention to retain Winston & Strawn for this appeal. Valeant declined to consent to Winston & Strawn's representation of Watson and timely informed Watson of its opposition.

Valeant argues that two legal professionals now at Winston & Strawn had formerly represented Valeant in the Valeant Matters while at Howrey LLP and obtained relevant knowledge about the matters. Valeant identifies these individuals as attorney Georgianna Braden and paralegal Alissa Hodges. Applying Florida's Rules of Professional Conduct, Valeant argues that, because Ms. Braden acquired Valeant's protected information during her time at Howrey, her new firm, Winston & Strawn must now be disqualified from representing Watson in this appeal.

Watson argues that this court should not apply Florida's Rules of Professional Conduct, but instead only the ethical code of the United States Court of Appeals for the Eleventh Circuit. Watson argues that the Eleventh

Circuit allows for ethical screening of otherwise-barred attorneys in cases like this and that Winston & Strawn has implemented such a bar.

Because this is a procedural matter that is not unique to patent law, this court applies the law of the regional circuit court where appeals from the district court would normally lie, here the Eleventh Circuit. *Sun Studs, Inc. v. Applied Theory Associates*, 772 F.2d 1557 (Fed. Cir. 1985). The parties dispute whether the regional circuit law in this case also includes ethical rules applicable to the underlying district court. In previous unpublished rulings, this court has applied a district court's ethical rules to determine whether counsel should be disqualified on appeal. *See Touchcom, Inc. v. Bereskin & Parr*, 299 Fed. Appx. 953, 954 (Fed. Cir. 2008); *Outside the Box Innovations, LLC v. Travel Candy, Inc.*, No. 2009-1171, 2010 WL 2160753 (Fed. Cir. May 26, 2010). In any event, there could be inconsistencies if we did not apply the district court's ethical rules, for example, if this court's decision requires a remand to the district court. We determine that it is appropriate to apply the Florida Bar Rules in this instance.

Rule 4.1-10 of the Florida Bar Rules of Professional Conduct states that "[w]hen a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter."

Watson does not contest that Ms. Braden was previously associated with Howrey, who represented Valeant

in the related matters. Rather, Watson contests whether the material that Ms. Braden acquired while at Howrey would have been protected by the Florida Bar Rules. Watson argues that any information about Valeant that Ms. Braden acquired while at Howrey is "generally known" as defined by Florida Bar Rule 4-1.9(b) and therefore not disqualifying.

Watson relies on comments to the rules, which state that "[i]nformation that has been widely disseminated by the media to the public, or that typically would be obtained by any reasonably prudent lawyer who had never represented the former client, should be considered generally known and ordinarily will not be disqualifying." Watson argues that any information Ms. Braden acquired should be considered generally known, largely due to the fact that the material has been publicly litigated in the Valeant Matters.

Florida courts have addressed the issue of a newly associated lawyer abiding by the directives of the Florida Bar Rules. Namely, a court must first determine whether the movant has shown that the newly associated lawyer had acquired confidential information relating to the claims. *Bon Secours-Maria Manor Nursing Care Center, Inc. v. Seaman*, 959 So. 2d 774, 776 (Fla. App. 2 Dist. 2007). Then, the court must determine if the new firm has overcome this prima facie showing and has proved that the newly-associated lawyer has "no actual knowledge of any confidential information material to this case." *Id.*

Declarations submitted by both Valeant and Watson indicate that Ms. Braden had knowledge about confidential information material to this case. She worked on validity issues for several asserted patents and reviewed confidential documents, such as laboratory notebooks.

She prepared for and deposed an expert witness, assisted the drafting of expert witness reports, and reviewed Valeant's confidential mediation statement. Whether she reviewed other confidential and privileged Valeant materials is disputed, but at a minimum she had access to all Valeant documents.

Watson argues that this information would be considered "generally known" because some Valeant matters have been litigated publicly and some information would be gleaned through typical discovery procedures. The comments to the Florida Bar Rules, however, indicate that while "information acquired in a prior representation may have been rendered obsolete by the passage of time," "knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation." Florida Bar Rule 1-9, cmt. Watson has not convinced us that confidential matters became publicly known, nor have the declarations submitted by Watson overcome the prima facie showing that Ms. Braden had knowledge of at least some confidential information material to this case. Because Ms. Braden is otherwise prohibited from representing Watson, her new firm is likewise prohibited. *See Edward J. De-Bartolo Corp. v. Petrin*, 516 So. 2d 6, 6-7 (Fla. 5th Dist. Ct. App. 1987).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to disqualify counsel is granted. Winston & Strawn must withdraw from representation in this appeal. A new principal attorney must enter an appearance for Watson within 30 days of the date of this order. Watson's opening brief is due within 75 days of the date of this order.

(2) The motion for leave to file a sur-reply is granted.

FOR THE COURT

DEC 26 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk


cc: Theresa Marie Gillis, Esq.
    James F. Hurst, Esq.

s24

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 26 2012

JAN HORBALY
CLERK